No. 48.—L. P. HARWELL and Wife, plaintiffs in error, *vs.* J. W. ARMSTRONG and others, defendants in error.

[1.] Where an order was taken in a Court of Equity requiring a defendant to answer the complainant's bill within ninety days, or that the bill should be taken *pro confesso*, and the defendant having failed to file his answer within the time limited, the Court, upon cause shown, allowed the defendant to file his answer upon payment of costs, the answer being full and satisfactory; and refused to permit the complainants to take their bill *pro confesso: Held*, that the refusing the motion to take the bill, *pro confesso*, and allowing the defendant to file his answer upon terms, was a matter resting in the sound discretion of the Court below, which this Court would not control—there not appearing to have been any flagrant abuse of such discretion.

[2.] When the usual rule or order for a defendant in a bill in Equity to answer the same, is taken, it should always be entered on the minutes of the Court. The mere memorandum on the Bench docket, that *leave* was granted by the Court, to take the rule, does not furnish the proper evidence that the rule or order was *actually* taken, or the terms thereof.

In Equity, in Putnam Superior Court. Decision by Judge JOHNSON, March Term, 1852.

L. P. Harwell and wife filed a bill against James W. Armstrong and Joseph Johnson, returnable to March Term, 1851, of Putnam Superior Court. At that term, the entry of "Usual Rule" was made on the docket, but no order was taken on the minutes. At the September Term thereafter, no answer had been filed, when defendants' solicitor being present in Court, at his request, the following order was taken : " It is ordered that the answer be filed within ninety days after the adjournment of this Court, and on failure thereof, the bill be taken as confessed against them."

At the March Term, 1852, the answer not having been filed until after the expiration of the 90 days, solicitor for complainants moved to take the bill as confessed.

The Court refused the motion, and allowed the answer to be filed, on payment of costs—the Court certifying, that " on looking into the bill and answer, he was of the opinion that the an-

swer disclosed important interests connected with the defendants and others, not parties to the bill, and that the answer was full."

The excuse given for the failure to answer in time, was, that the solicitor expected to see his client in the City of Macon, on a visit there, within the time; but not seeing him then, he afterwards forgot it.

This refusal of the motion is assigned as error.

J. Wingfield, for plaintiff in error.

R. Hardeman, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

In this case, the Court below allowed the defendant, Armstrong, to file his answer under the circumstances stated in the record: refusing to permit the complainants to take their bill *pro confesso;* and the question is, whether this Court will control the discretion of that Court, under this statement of facts? In *Moody vs. Fleming,* (4 *Ga. Rep.* 117,) this Court held, that it would not control the discretion of the Court below, only in cases where there is a refusal to exercise it, or a *flagrant abuse of it.*

[1.] This is a bill filed for discovery and relief. It is not so much the *privilege* of the defendant to file his answer, as it is the *right* of the complainants, to have the *discovery* sought by it. By neglecting or refusing to answer, the defendant is in *contempt* of the process of the Court. (1 *Daniel's Chan. Practice,* 538.) By allowing the defendant to file his answer in this case, the complainants only obtained what they originally sought by their bill. The answer was full and satisfactory, and disclosed important interests connected with the defendants and others, not parties to the bill.

The 53d section of the Judiciary Act of 1799 declares, that the defendant shall appear at the next term of the Court after the bill has been served according to the requisitions of the

Statute, and answer the same, and if he shall fail, or refuse to do so, the facts in said bill shall be taken *pro confesso*, and the Court may proceed to decree, as *to justice shall appertain. Prince,* 447. Now by this latter clause of the Statute, it would seem that the Legislature contemplated that the Court should exercise a sound discretion in the matter—such a discretion as to *justice should appertain.* It is true, that by another clause in the same Statute, the cause must be ready for trial at the farthest, at the fourth term of the Court from the filing of the bill; indeed, the trial of the cause cannot be extended to the fourth term of the Court, unless very *special* cause be shown. The bill, in this case, was filed at March Term, 1851. The answer was allowed to be filed at March Term, 1852 ; the *second* term of the Court, from the filing of the bill, unless the word "inclusive" intends that the term of the Court at which the bill was filed shall be counted ; in that event, the answer was filed at the third term, and might have been tried at that term, had the parties been ready for trial.

The complainants in this case certainly do not occupy any better position before the Court than if their bill had been taken *pro confesso.* In *Wooster vs. Woodhull,* (1 *Johns. Ch. Rep.* 539,) it was held, that a defendant who has suffered a bill to be taken *pro confesso,* and a decree, by default, to be entered against him, may, under the special circumstances of the case, be let into a defence on terms ; it resting in the sound discretion of the Court, to relieve the party or not, from the consequences of his default. See also, 2 *Maddock's Ch. Practice,* 249. We do not think the grounds upon which the application for the exercise of the discretion of the Court is based in this case, very strong or meritorious, on the part of the defendant; and had the Court refused the application to file his answer, we should not have been inclined to have interfered with its judgment ; nor will we now interfere, to control the discretion of the Court below, in allowing the answer to be filed ; inasmuch as the filing of the answer of the defendant will, in all probability, promote the ends of justice. As a matter of practice, the order for the defendant to

MILLEDGEVILLE, MAY NERM, 1852.    331

answer a bill in Equity, should always be entered on the *minutes* of the Court.

[2.] The entry on the Bench docket, as we have repeatedly held, is not the proper evidence as to what has been done or adjudicated by the Court.    The entry on the Bench docket of "usual rule," is only a memorandum of the presiding Judge, shewing that *leave* was granted to take the usual rule; but is not evidence that the usual rule *was taken* in the cause, for the defendant to answer.    The minutes of the Court afford the evidence of that fact.    To grant *leave* to take the usual rule for the defendant to answer, is one thing, and *actually taking,* or drawing up such rule or order for that purpose, is another, and much more substantial part of the proceedings in the cause.

Let the judgment of the Court below be affirmed.