SAVANNAH & OGEECHEE CANAL CO. *v.* SHUMAN, relator.

1. The charter of the Savannah & Ogeechee Canal Company requiring that the company shall keep its canal in a navigable condition, the duty of so doing is imperative, and performance of the same may be compelled by *mandamus.*

2. The writ of *mandamus* may issue upon the application of a private citizen engaged in the lumber business, and therefore specially interested in the navigation for which the canal was chartered, who sustains damage by a violation of the charter which is not shared in by the general public.

3. *Mandamus* is a discretionary remedy, and it is not *per se* an abuse of discretion to order the writ to issue, notwithstanding the answer of the corporation (which answer is taken as true on demurrer) that it "has no funds nor any means of obtaining such," and "if said canal were put in navigable condition, it would not be profitable to operate it." So long as the corporation retains its franchise, the unprofitableness of the same is immaterial; and although want of means may avail as a reason for not inflicting punishment for disobedience of the writ, it affords no conclusive reason against ordering the writ to issue.

March 27, 1893. Argued at the last term.

Before Judge FALLIGANT. Chatham superior court. June term, 1892.

LAWTON & CUNNINGHAM and T. M. CUNNINGHAM, JR., for plaintiff in error.

W. C. HARTRIDGE, *contra.*

LUMPKIN, Justice.

1. The 16th section of the charter of the Savannah, Ogeechee and Altamaha Canal Company (Dawson's Compilation, p. 97) declares, "that the said corporation shall be obliged to keep the said canals and locks in good and sufficient order, condition and repair, and at all times free and open to the navigation of boats, rafts, and other water crafts; and for the transportation of goods, merchandise and produce," etc. Counsel on both sides referred us to the above charter as that of the plaintiff in error, which is designated in the record as the "Savannah and Ogeechee Canal Co.," and is also

thus designated in the case of *Habersham et al.* against this corporation in 26 *Ga.* 665.   We therefore presume, without investigation, that the corporate name of this company was at some time properly amended by striking out "Altamaha" and placing "and" before "Ogeechee." It is apparent, without argument, that under this charter it is the imperative duty of this company to keep its canal in a navigable condition, and according to the principle of the ruling of this court in the case above cited, the performance of this duty may be enforced by *mandamus.*

2. It appears from the record that the defendant in error is engaged in the lumber business, and for several years had used the canal in question for transporting timber and other things, and that because of its unnavigable condition he was compelled to ship his timber by a more circuitous and expensive route.   It is clear, therefore, that he is specially interested in the navigation for which this canal was chartered, and that by the failure of the company to keep the canal navigable he sustains a special damage in which the general public does not share.   Under these circumstances he was, in our opinion, entitled to the writ of *mandamus* to compel a performance by the company of the duty above mentioned.   There may be authorities to the contrary, but the true law of this question seems to be in favor of the doctrine that a private person may, by *mandamus,* enforce the performance by a corporation of a public duty as to matters in which he has a special interest. See 2 Morawetz on Priv. Corp. §1132; 4 Am. & Eng. Enc. of Law, 289, 291, and cases cited.   In the case reported in 26th *Ga.*, *supra*, the relief sought was granted at the instance of private persons, but it does not appear that the point was specially made as to their right, as such, to apply for the writ of *mandamus*, the position

v 91-26

then taken by the canal company being that this writ would not lie at all.

3. In *Moody* v. *Fleming*, 4 *Ga.* 115, this court held that, except in a case of clear legal right, the writ of *mandamus* was a discretionary remedy. This view was followed in *Harwell & Wife* v. *Armstrong et al.*, 11 *Ga.* 328, and in *Loyless* v. *Howell*, 15 *Ga.* 554, injunction cases, in which this court, by citing the case first above mentioned, evidently intended to put cases of *mandamus* and of injunction upon the same footing as to the question of discretion. The granting, or refusing, of injunctions has always been regarded as discretionary, and it seems quite clear that in cases of *mandamus*, it lies very largely within the discretion of the presiding judge as to whether or not the writ will, in a given case, be made absolute; and in order to reverse a judgment in a case of this kind, it would be necessary to show that the discretion of the court was abused.

In the present case, the corporation answered that it had no funds, nor any means of obtaining such; and also, that it would not be profitable to operate the canal if it were put in navigable condition. For the purposes of the decision below this answer was taken as true, the question of its sufficiency being raised by demurrer.

So long as the corporation retains its franchise, it will not be allowed to urge as an excuse for failing to perform any duty required of it by its charter, that the same would be unprofitable. It cannot consistently keep the franchise and refuse to perform the duties incident thereto for the mere reason that such performance would be unremunerative. If the rights, privileges and franchises granted by the charter are, in connection with the corresponding duties thereby imposed, no longer desirable, the company should simply surrender the charter.

As to the validity of the other reason alleged for

failing to put the canal 'in a navigable condition, viz: that the company is without funds, and without means of obtaining funds, the question is by no means so clear. The writer was inclined to hold that, under section 3200 of the code (providing that *mandamus* will. not be granted when it is manifest that the writ would, for any cause, be nugatory or fruitless), the answer of the company presented a good reason for refusing in this case to make the writ absolute.. After some reflection, however, I have yielded to the better judgment of my brethren, and concluded to agree with them in holding that the entire matter may be safely left to the discretion of the circuit judge. While it is quite certain that if the company has no funds now, nor any means of obtaining them, and remains permanently in this condition; compliance with the judge's final order will be impossible, so far as the corporation itself is concerned, there may be a change in the present condition of things, and the officers of the company may be able to find some way to raise money in order to obey the mandate of the court. At any rate, they should make a *bona fide* effort to do so. If, because of the want of means, they cannot comply with the writ, and if, after due diligence, they remain unable to procure the necessary means for this purpose, and make these things appear to the court in any proceeding for contempt which may be instituted against them, we apprehend the presiding judge would take great care to see that no injustice or hardship was imposed upon them, and certainly would not inflict punishment for a failure to do a thing impossible of accomplishment. This matter is not now directly before us, and we leave the question thus raised to be dealt with by the judge of the court below when it arises, if it ever does.          *Judgment affirmed.*