### 8383
#### MONTGOMERY v. ROBINSON.

1. RES JUDICATA—INJUNCTION.—On motion to dissolve a temporary injunction, the defendant having been heard on rule to show cause, the Circuit Court has no jurisdiction to dismiss the complaint on the ground that it does not state facts sufficient to constitute a cause of action as that question was necessarily decided in granting the injunction and is *res judicata* except on the merits.

2. IBID.—LANDLORD AND TENANT.—In an action to enjoin a landlord from ejecting a tenant, the Circuit Court on motion has no jurisdiction to declare the lease forfeited, where that issue had been made by the pleadings and referred by previous order.

3. REHEARING refused.

Before WILSON, J., Richland, December, 1911.   Affirmed.

Action by Frank T. Montgomery against Salina Robinson.   Defendant appeals.

*Messrs. Lyles & Lyles,* for appellant, cite: *Motion to dissolve and dismiss was proper:* 50 S. C. 317, 529.  *Complaint should have been dismissed:* 32 S. C. 509; 33 S. C. 410; 54 S. C. 457; 64 S. C. 405; 69 S. C. 256, 551; 74 S. C. 178; 77 S. C. 81.  *Entry and threats not sufficient:* 54 S. C. 430; 60 S. C. 391, 559; 77 S. C. 81; 74 S. C. 480; 124 U. S. 400; 35 Am. St. R. 660; 9 S. C. 303; 81 S. C. 188; 22 Cyc. 789; 1 High., sec. 64; 22 Cyc. 788.  *Leave was forfeited:* 3 Strob. 44; 1 N. & McC. 501; 12 Rich. L. 44.

*Messrs. W. H. Muller & Rembert* and *Monteith,* contra. *Mr. Muller* cites: *Demand to work forfeiture must be specific:* 140 U. S. 25.  *Slight acts show waiver of forfeiture:* 51 S. C. 547; 96 U. S. 242; 47 A. S. R. 197; 11 A. & E. Ann. Cas. 62; 82 S. C. 282.  *Complaint must only state prima facie case:* 27 S. C. 415; 69 S. C. 52.  *This question is res judicata:* 51 S. C. 434, 473; 277 S. C. 415; 62 S. C. 220; 67 S. C. 84.

The opinion in this case was filed on November 5, 1912, but remittitur held up on petition for rehearing until

December 2, 1912. The opinion of the Court was delivered by

MR. JUSTICE HYDRICK. This action for injunction was commenced on April 6, 1911. From the view which we take of this appeal, it will not be necessary to state the contentions of the parties at great length.

In substance, plaintiff alleges that defendant leased a certain building and lot on Main street, in the city of Columbia, S. C., to Carl Davenport and his associates, who were to be incorporated for the purpose of conducting theatrical and vaudeville performances, for a term of five years .from March 3, 1909; that Davenport took possession and erected certain buildings, provided for in the lease, and otherwise complied with its terms; that he became involved in debt, and, at the suit of one of his creditors, the lease and other of his property was sold, on February 10, 1911, by the master, under an order of Court, to S. A. Lynch, who took possession under the lease, and paid the rent and otherwise complied with its terms; that on March 25, 1911, Lynch sold and assigned the lease, together with other property, to plaintiff, who took possession, under said lease, and was preparing to open the theatre, which he had advertised extensively, and had invested large sums of money in the necessary appliances to make the place attractive, when defendant notified him to desist, and entered upon the premises and commanded his arrangements to be discontinued, and threatened to prosecute him, if he proceeded further; that, by reason of the facts stated, he would suffer irreparable damage, if defendant was not restrained from interfering with him in the performance of his business; that he had tendered the rent and was ready and willing to comply with the terms of the lease.

On April 8, 1911, his Honor, Judge Watts, granted the following order: "Upon hearing the complaint in the above entitled action, and it appearing to my satisfaction that there is no presiding or resident Judge, and it appearing to my satisfaction that plaintiff has stated a cause of action for injunction, now, upon motion of W. H. Muller, attorney for plaintiff, it is ordered that defendant, Salina Robinson, do show cause before Judge Copes at the courthouse, in the city of Columbia, on Friday, April 14, at 10 o'clock in the forenoon, or as soon thereafter as counsel can be heard, why said injunction shall not issue. Ordered further, that pending the said hearing, the defendant, Salina Robinson, be, and she is hereby, enjoined and restrained from in any manner interfering with plaintiff in opening his show as advertised, or in any manner interrupting his arrangements by legal proceedings or otherwise. Ordered further, that the plaintiff, pending said hearing, do not in any manner deface, materially alter or change the walls of the said building, or any part thereof. This order is not to be construed, however, to prevent him from placing proper curtains, portieres, carpets or such other decorations as he may deem proper. Ordered further, that plaintiff enter into bond, or deposit in cash with the clerk of the Court, the sum of two hundred and fifty dollars, conditioned to hold the defendant harmless pending said restraining order."

The defendant answered, denying some of the allegations of the complaint, and particularly the validity of the assignments of the lease, and alleging several grounds upon which the lease had been forfeited, for which cause she alleged that she did forbid plaintiff's use of the premises. Her answer was her return to the rule.

On hearing the rule and return, his Honor, Judge Copes, passed the following order: "The rule to show cause in the above entitled matter came on to be heard before me this, the 14th day of April, A. D. 1911, in accordance with the order of Judge Watts, bearing date 8th day of April, 1911,

and, after hearing argument, it is ordered: That the defendant, Salina Robinson, her agents and employees be restrained and enjoined from interfering with the plaintiff in the use and operation of his theatre under the lease in the complaint mentioned and described, pending the determination of the question of fact as to whether or not plaintiff, his agents or employees, have made any material alterations in the building in violation of the terms of the lease, the matter being referred to A. D. McFadden, master of Richland, solely to determine this question. All other questions made by the pleadings being determined by me in favor of the plaintiff. It is further ordered, that the bond required by the order of Judge Watts be continued, pending the determination of this question. Ordered further, that plaintiff do store the furniture, etc., as prescribed in the lease, in the upper story of the building, as prescribed in the lease, and that the rent be paid as provided in said lease."

Thereafter, on May 19, 1911, on defendant's motion, she was allowed to file a supplemental answer, and on her motion, another order of reference was made, requiring the master to report the testimony on all the issues made by the pleadings.

While this reference was pending before the master, and after several references had been held, and a good deal of the testimony had been taken, defendant served notice that she would move the Court, his Honor, Judge Wilson, presiding, on December 12, 1911, on affidavits served therewith, for an order requiring plaintiff to surrender the premises to her on the ground that the lease had been forfeited, because plaintiff had not paid certain increase in insurance premiums according to the terms thereof; and, failing in that, for an order dissolving the order of injunction previously granted and dismissing the complaint, on the ground that it does not state facts sufficient to constitute a cause of action. The motion was refused, the Court holding that the lease had

not been forfeited, and that the complaint does state a cause of action. From this order, defendant appealed.

The respondent raises a preliminary objection to the consideration by this Court of the questions presented to Judge Wilson and brought up by this appeal. He contends that the point that the complaint does not state facts sufficient to constitute a cause of action is *res judicata,* being necessarily involved in and decided by the previous order of Judges Watts and Copes, from which there was no appeal. If this be so, it is conclusive of this appeal, because, in that event, Judge Wilson had no jurisdiction to consider the matter, for there is no appeal from the decision of one Circuit Judge to another.

Section 169 of the Code of Procedure provides that, if the objections to a complaint which are mentioned in section 165 as grounds of demurrer, when they appear upon the face of the complaint, are not raised either by demurrer, or answer, when they do not appear upon the face of the complaint, "the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the Court, and the objection that the complaint does not state facts sufficient to constitute a cause of action." It follows that the two objections excepted are not waived by the failure to raise them by demurrer or answer; but it does not follow that they cannot be waived at all. Some of the cases, construing this section, hold that these objections can be raised at any time and at any stage of the proceedings. While this statement is true, in a way, it is somewhat misleading; for instance, it has been held that the objection for insufficiency cannot be raised for the first time in this Court. Therefore, it is waived by a failure to raise it in the Circuit Court. *Miller* v. *Hughes,* 33 S. C. 526, 12 S. E. 419; *Green* v. *Green,* 50 S. C. 529, 27 S. E. 952. And it is quite certain that, once it has been properly raised and decided, it cannot be raised again.

The precise point under consideration was decided by this Court in the case of *Jordan* v. *Wilson,* 69 S. C. 52, 48 S. E. 220. In that case, on an *ex parte* application, a rule to show cause, carrying a temporary restraining order, was issued. On hearing the return to the rule, a temporary injunction was issued, from which an appeal was taken, but, subsequently, notice was given that the appeal was abandoned, and a motion was made before the same Judge to dissolve the injunction. The Judge held that, under sections 335-6 and 246 of the Code of Procedure, he had no jurisdiction to review his own order. In that case, the Judge had specifically held, in the temporary order of injunction, that the complaint stated a cause of action for injunction. This Court sustained the ruling of the Circuit Judge, saying: "These provisions (sections 335-6 and 246) manifestly contemplate that a defendant may have an opportunity to be heard on the question of a temporary injunction; if he is not heard in the first instance, he may, on motion to dissolve, be heard. Any subsequent application for a reconsideration of the question is in the nature of a review, which section 335 declares can only be had as prescribed in the chapter regulating appeals."

In *Turner* v. *Assn.,* 51 S. C. 36, 27 S. E. 947, the Court said: "While a demurrer on the ground that the complaint does not state facts sufficient to constitute a cause of action may be taken at any stage of the trial in the Circuit Court, yet when once taken and lost on certain specifications showing wherein the complaint is defective, it cannot be renewed at any subsequent trial on the same or other specifications. This ground of demurrer is single, and all specifications thereunder not made when heard are deemed valid." (Waived?) To the same effect is *Long* v. *Hunter,* 58 S. C. 162, 36 S. E. 579.

When the defendant was required by the order of Judge Watts to show cause why she should not be enjoined, it was incumbent upon her to show all the causes she had, and the

failure to bring forward and present any cause which existed at that time, except for a reason for which a party may be relieved of an order of judgment taken against him, precluded her from thereafter asserting it as a reason why the temporary injunction should not stand until the hearing. *Givens* v. *North Augusta Co.,* 91 S. C. 417. It is stated in Judge Watts' order that the complaint states a cause of action for injunction, and a similar holding was necessarily implied in the order of Judge Copes, and the matter is, therefore, *res judicata,* only so far, however, as the right to an injunction *pendente lite* is concerned, for, as frequently held, the findings and conclusions of a Judge on motions for preliminary or temporary injunctions are not binding on the Court, when it comes to decide the case on its merits.

As the point that the complaint was defective for insufficiency was not raised before Judge Copes, even if there had been an appeal from his order, this Court could not have considered that question. *Miller* v. *George* and *Green* v. *Green, supra.* But there was no appeal from his order, and Judge Wilson had no jurisdiction to review any question of law or fact necessarily involved in the granting of that order.

Nor did Judge Wilson have jurisdiction to consider the question of the forfeiture of the lease on the ground stated. That very ground of forfeiture had been set up by defendant in her supplemental answer, and upon her motion, the issue thereby raised had been referred to the master and was then pending before him, and that order was binding on Judge Wilson. Besides, the Court could not have decided an issue involving the merits on affidavits, because, under the Constitution and statutes, the parties have the right to cross-examine the witnesses against them, and also to have the witnesses for and against them examined and cross-examined in the presence of the triers of the facts, except under special circumstances, as, for instance, when necessity requires the taking of their testi-

mony by deposition; but even then the parties have the right of cross-examination.

Appeal dismissed.

MR. JUSTICE FRASER *concurs in the result.*

MR. JUSTICE WATTS, *disqualified.*

Petition for rehearing dismissed by formal order filed December 2, 1912.