MACON RAILWAY AND LIGHT COMPANY *v.* CORBIN *et al.*

ATKINSON, J.  The Macon Railway and Light Company, a corporation
chartered by the Secretary of State, with power to construct and
operate an electric railway, desiring to extend its line of railway to
points beyond the limits of the City of Macon, applied to the board
of commissioners of Bibb County for the right to construct its rail-
road over and along portions of certain public roads.  The board
of county commissioners in regular session passed a resolution which,
so far as material to be stated, was as follows: " Ordered: That
the consent and permission of this Board be and the same is hereby
granted to said Macon Railway & Light Company to use the following
described public roads for said purpose, to wit:  (a) That portion
of Ridge Avenue, about four hundred (400) yards in length, extending
westward from the present line of said street-railroad, from a point
near Crump's Park Pavilion to the line of T. C. Parker's land; be-
ing all of Ridge Avenue lying west of the present line of said street
railroad; provided, the consent hereby granted shall authorize said
company to lay its track entirely either on the north side or on the south
side of said Ridge Avenue, but not partly on one side and partly on the
other.  (b)  That portion of the Forsyth Road from a point near
Bass Chapel, extending out westward through Singer's Hill under-
pass, to the point on Forsyth Road, at or near the Idle Hour Nursery,
where it is entered by the road leading to the Country Club prop-
erty; provided, the consent hereby granted shall authorize said com-
pany to put its track only on the north side of said described portion
of Forsyth Road as the same may be widened as herein provided for,
and not on the south side. . .   The consent and permission here-
by granted are not exclusive, do not include side-tracks and turn-outs;
and are subject to all laws now of force, or that may hereafter be-
come of force, applicable to the matter; and are granted subject to
the following terms, conditions, and stipulations, to-wit: . . 5th.
That said Railway & Light Company, its successors and assigns,
shall, 'in the operation of said street railroad, maintain a schedule
of not more than thirty (30) minutes between cars, running each
way.  6th.  That this grant shall be void and of no effect, unless
said company shall for itself, its successors and assigns, accept and
agree to the terms, conditions, and stipulations of the same; such
acceptance and agreement to be in writing and entered upon the min-
utes of this board along with this order, as a part thereof."  In
compliance with the terms of the foregoing resolution, the Macon
Railway and Light Company accepted in writing the franchise, and
proceeded thereafter to exercise the grant; it constructed its line over
the specified portions of the public roads and thereafter operated
its cars over its extended line of railroad in its usual service of the
public.  After the line had been operated for a number of years, the
company determined to abandon a portion of it on the ground that
its operation was unprofitable and could only be run at a loss.  It
ceased operation on such portion, and commenced to dismantle its
tracks, when certain citizens of Bibb County, who had made invest-

ments and built houses along its line and who were interested in the continued operation thereof, filed a petition in equity to enjoin the company from dismantling and taking up its line of railway. *Held:*

1. That the grant of the right to the street-railway company to construct its line of railway over the above-specified portions of the public roads of Bibb County upon the terms and conditions expressed in the above resolution, and the acceptance thereof in writing by the street railway company, constitute a valid contract binding the street-railway company to operate said railway according to the terms mentioned in said resolution.

2. Under the above contract, the street-railway company cannot retain and enjoy the right granted to it under the resolution without complying with all of its obligations in such contract, and can not abandon a portion of its line of railway, while retaining and operating another portion under the grant from the county commissioners. So long as the company retains any of the benefits it must perform all the obligations imposed by the contract. *Savannah & Ogeechee Canal Co.* v. *Shuman,* 91 *Ga.* 400 (17 S. E. 937, 44 Am. St. R. 43); Missouri Pacific Railway Co. *v.* Kansas, 216 U. S. 262 (30 Sup. Ct. 330, 54 L. ed. 472); City Railway Co. *v.* Citizens' Street Railroad Co., 166 U. S. 557 (17 Sup. Ct. 653, 41 L. ed. 1114); Detroit *v.* Detroit Citizens' Street Railway Co., 184 U. S. 368, 387 (22 Sup. Ct. 410, 46 L. ed. 592).

3. The plaintiffs had such an interest in this matter as would authorize them to file an equitable petition to enjoin the street-railway company from tearing up and dismantling any portion of its line of railway built under the franchise.

4. The judge did not err in granting the interlocutory injunction.

*Judgment affirmed. All the Justices concur.*

No. 3011. FEBRUARY 28, 1923. REHEARING DENIED MARCH 3, 1923.

Injunction. Before Judge Mathews. Bibb superior court. December 1, 1921.

*Ellis & Glawson* and *Hall, Grice & Bloch,* for plaintiff in error. *Martin & Martin,* contra.