15058

EXCHANGE BANK OF MEGGETT v. BENNETT

(8 S. E. (2d), 515)

June, 1939.

*Messrs. Frank H. Bailey* and *John P. Grace,* for appellant,

April 8, 1940.

The opinion of the Court was delivered by Mr. Justice Carter.

Plaintiff instituted this action, one on a note, on March 1, 1934. The complaint alleges that, on the 20th day of October, 1932, the defendant executed and delivered, for value received, to plaintiff his collateral promissory note, in the face amount of $3,600.00; that this note became due and payable on January 20, 1933; that defendant refused payment, and that there is now due and owing thereon $3,500-.00. The complaint sets out in full this note which recites that defendant had deposited as collateral for its payment seven hundred shares of stock of South Carolina Produce Association.

Defendant, answering, admits the execution and delivery of the note. He alleges, by way of a first defense, that the plaintiff, upon maturity of the note, "went through the form of exercising its rights under the terms and provisions" thereof, and sold to itself for $100.00 the pledged stock which had a value of $7,000.00; "that instantly after the alleged sale of the valuable collateral," plaintiff transferred and delivered it to Charles W. Geraty, its president, for $2,-000.00, he being the representative of the bank who conducted the purported sale; that the sale, for the inadequate

sum of $100.00 and for the sole purpose of Geraty's ob-
taining possession of the stock, "was fraudulent, inequitable
and unconscionable and should be set aside and avoided"
by the Court of equity; and that defendant should be al-
lowed, as "a credit upon his indebtedness, as a set-off," the
sum of $2,000.00 received by plaintiff from Geraty for the
stock. By his first counterclaim, defendant, after setting up
the execution of the note and the deposit of the collateral.
stock, alleges that in the month of August, 1933, plaintiff
wrongfully, unlawfully and in fraud of his rights, converted
such stock to its own use, to his damage in the sum of $7,-
000.00. By the second counterclaim, defendant alleges that
Charles W. Geraty and W. C. Geraty Company were and
now are large stockholders of the South Carolina Produce
Association; that Charles W. Geraty became desirous of
obtaining additional stock of that association for voting
purposes, so that he and his associates might control the elec-
tion of the board of directors at the annual meeting on
August 29, 1933, and that, in order to effectuate such plan
or scheme, he and "others to defendant unknown," con-
spired, during the month of August, 1933, to obtain posses-
sion of defendant's stock held by plaintiff as collateral; that
such conspirators, including the plaintiff, "wrongfully, il-
legally and fraudulently had plaintiff go through with a pur-
ported or wash sale" of such collateral, which the bank
bought in and instantly thereafter transferred to Charles
W. Geraty so that it could be used by him and his associates
in the furtherance of their scheme, all to defendant's dam-
age in the sum of $10,000.00.

· Plaintiff demurs to the answer and counterclaims upon
the following grounds:

"(1) That the first defense sets up in effect a counter-
claim sounding in tort, which did not arise out of the con-
tract or the transaction set forth in the complaint as a foun-
dation of the defendant's claim or connected with the sub-
ject of the action.

"(2) That the first counterclaim sets up by way of defense an alleged cause of action sounding in tort which did not arise out of the contract or the transaction alleged in the complaint as a foundation of the defendant's claim or connected with the subject of the action.

"(3) That the second counterclaim sets up by way of defense:

"(a) An alleged cause of action sounding in tort which did not arise out of the contract as the transaction alleged in the complaint as a foundation of defendant's claim or connected with the subject of the action.

"(b) That said alleged cause of action by way of counterclaim sets forth an alleged joint tort committed against the defendant herein by the plaintiff and several others not parties to the action and against whom the relief sought would not be obtained in this action.

"(4) That the answer and counterclaim do not state facts sufficient to constitute a defense."

Judge Grimball, in his order overruling the demurrer, held: "An examination of the pleadings discloses that the answer and counterclaims plead matters clearly arising out of the very contract sued on in the complaint. The allegations of the answer and the counterclaims, all of them considered to be true under the demurrer rule, bring the pleading clearly within the allowable counterclaim doctrine of the *Bank v. Rizer case* in 153, S. C., 43 [150 S. E., 316, 68 A. L. R., 443]."

Plaintiff now appeals. Exceptions 1 and 2, which will be disposed of together, are as follows:

"In that his Honor, the Circuit Judge, erred in not sustaining the demurrer to the first defense as in effect a counterclaim, which as such did not arise out of the contract or transaction set forth in the complaint; as a foundation of the plaintiff's claim or connected with the subject of the action; the error being that said first defense alleged in effect a counterclaim in conversion, and it appeared on the face of

the answer by reference to the allegations of the complaint which the answer admitted, that plaintiff was in lawful possession of said stock.

"In that his Honor, the Circuit Judge, erred in not sustaining the demurrer to the first counterclaim on the ground that the alleged counterclaim sounded in conversion; the error being that it appeared on the face of the answer by reference to the allegations of the complaint which the answer admitted that the plaintiff as the pledgee of the stock was in lawful possession of said stock, and could not have been guilty of any conversion."

It is the duty of a demurrant to show to the Court the specific grounds upon which his objection is made, either by setting out such grounds in the demurrer itself, or, if the objection comes under the exception to Section 462 of the Code, by oral motion at the hearing, which must be reduced to writing either by counsel or by the Court stenographer. But such grounds cannot be urged for the first time on appeal to the Supreme Court.

In *Montgomery v. Robinson*, 93 S. C., 247, 76 S. E., 188, 189, the Court held: "Section 169 of the Code of Procedure provides that, if the objections to a complaint which are mentioned in section 165 as grounds of demurrer, when they appear upon the face of the complaint, are not raised either by demurrer or answer, when they do not appear upon the face of the complaint, 'the defendant shall be deemed to have waived the same, excepting only the objection to the jurisdiction of the court, and the objection that the complaint does not state facts sufficient to constitute a cause of action.' It follows that the two objections excepted are not waived by the failure to raise them by demurrer or answer; but it does not follow that they cannot be waived at all. Some of the cases, construing this section, hold that these objections can be raised at any time and at any stage of the proceedings. While this statement is true in a way, it is somewhat misleading; for instance it has been held that the objection for insufficiency cannot be raised for the first

time in this court. Therefore it is waived by a failure to raise it in the circuit court." See also *Green v. Green,* 50 S. C., 514, 27 S. E., 952, 62 Am. St. Rep., 846.

It does not appear that the question raised by the first two exceptions, that of conversion, was so before the Circuit Court. It certainly is not apparent from a reading of the first two grounds of the demurrer. Nor is there anything to show that the issue was presented on oral argument before Judge Grimball. These exceptions, therefore, must be over-ruled.

Neither can the seventh exception be sustained. It reads: "In that his Honor, the Circuit Judge, erred in not sustaining the fourth ground of the demurrer which was in effect a general demurrer to the answer and counterclaim; the error being that general demurrer searches the entire record and it appears on the face of the record that there could have been no conversion because the plaintiff was in lawful possession of the stock pledged."

In *Riggs v. Association,* 61 S. C., 448, 39 S. E., 614, syllabus 1 is as follows: "It is sufficient compliance with Rule 18 of the Circuit Court, to serve a written demurrer that complaint does not state facts sufficient to constitute a cause of action, and then to submit at hearing the specific grounds of objection in writing." It is seen that the fourth ground of the demurrer is too general, no specific grounds of objection having been submitted to the Court below for consideration. And, too, our discussion and ruling as to Exceptions 1 and 2 are equally applicable here.

The following questions are raised by Exceptions 3 and 4:

"Do not the allegations of both counterclaims fail to bring them within allowable counterclaims under Section 468 of the Code?

"Are not the counterclaims in tort set forth in the instant case distinguishable from those set forth as allowable in the dictum in the case of *Bank v. Rizer,* 153, S. C., 43, 150 S. E., 316 [68 A. L. R., 443] ?"

The counterclaims here are clearly so similar to "those set forth as allowable" in the *Rizer case,* as to make that case decisive of the case at bar. We fully agree with Judge Grimball that the counterclaims in the present case are properly allowable, and are of opinion that he was correct in overruling the demurrer on this point. These contentions of appellant, therefore, are without merit.

By its fifth and sixth exceptions, appellant contends that there was a failure to unite necessary parties as defendants, as it appears that the second counterclaim sets forth an alleged tort committed against the defendant by the plaintiff and several others not made parties and against whom the relief sought could not be obtained in this action.

We have already held that the second counterclaim was properly pleadable, for the reason that the tort alleged therein arises out of the contract sued on. The second counterclaim charges that plaintiff participated in a conspiracy to obtain possession of defendant's stock.

In 15 C. J. S., Conspiracy, page 1028, § 18, we find: "Each conspirator is jointly and severally liable for all damage resulting from the conspiracy. Accordingly, the rule laid down in Corpus Juris, which has been quoted and cited with approval, is well settled that where two or more persons enter into a conspiracy, any act done by either in furtherance of the common design and in accordance with the general plan becomes the act of all, and each conspirator is responsible for such act." And at page 1034, § 23, of the same work: "Since the liability of conspirators * * * is joint and several, the action may be maintained against one only of the conspirators, or plaintiff may at his option join all the alleged conspirators as defendants in one action."

We conclude, therefore, that defendant had a right to sue only one of the conspirators, and it necessarily follows that appellant's objection here must fail.

The judgment of the Circuit Court is affirmed.

Mr. Chief Justice Bonham and Messrs. Justices Baker and Fishburne concur.