33268.   RHYNE *et al. v.* PRICE.

DECIDED DECEMBER 1, 1950.

694

*G. W. Langford, Matthews, Owens & Maddox,* for plaintiffs in error.

*Fariss & Fariss, Maddox & Maddox,* contra.

FELTON, J. 1. The plaintiffs in error contend that under Code (Ann.) § 84-1413, which reads, "No person, firm or corporation shall have the right to enforce in any court any claim for commissions, profits, option profits, or fees for any business done as real-estate broker or salesman without having previously obtained the license required under the terms of this Chapter," plaintiff's petition is subject to general demurrer because he does not allege therein that he was a licensed real-estate broker. This contention is without merit. The act of 1943 (Ga. L. 1943, pp. 572, 573, 574), codified as § 84-1401 (Ann. Supp.), which was the law effective upon the subject at the time the plaintiff's cause of action arose, recited that the Code, Ch. 84-14, was applicable only in counties having a population of 75,000, or more, according to the United States census of 1920 or any future census. This court will take judicial notice that the 1940 United States census showed the population of Walker County to be

31,024. *Lanier* v. *Richmond County*, 203 *Ga.* 43 (45 S. E. 2d, 415). Therefore, it was not necessary for the plaintiff to allege that he was a licensed real-estate broker. A statute will always be interpreted so as to operate prospectively, and not retrospectively, unless the language of the legislature is imperative (*Bank of Norman Park* v. *Colquitt County*, 169 *Ga.* 534, 150 S. E. 841); thus the act of 1950 (Ga. L. 1950, pp. 278, 279, 280), amending Code § 84-1401, not being retrospective, does not affect the plaintiff's cause of action.

2. The defendants construe the plaintiff's petition to be an action for recovery of broker's commission for services rendered while acting as broker for the old Laurent Land Company or DeGive. Most of the defendants' special demurrers were worded along the line of such contention. We do not entertain such a view of the petition. A proper construction of the petition shows that the plaintiff is suing for services rendered to the defendants as their representative rather than that of the old Laurent Land Company or DeGive. Among others lending support to this construction of the petition is the allegation, "He shows further that he was the procuring cause of said sale, and that said defendants accepted each and every service rendered by him in reference thereto, and said defendants sought and requested his services in said matter and that the same were rendered in accordance with the facts and circumstances above set forth." The plaintiff alleges that his services were sought by the defendants to try to effect a purchase of the described lands owned by the Laurent Land Company; that he rendered certain valuable services accepted by the defendants in an effort to secure said lands for them; that after rendering certain services he was requested by certain of the defendants to hold off his negotiations with the owner of said lands; that soon thereafter the defendants bought the stock of Laurent Land Company, the assets of which, the plaintiff believes, consisted solely of the lands described; that later said lands were conveyed by the new Laurent Land Company to the defendants; that therefore a purchase by the defendants of the stock of Laurent Land Company was essentially a purchase of the lands described; that the plaintiff was the procuring cause of the purchase. The petition stated a good cause of action and was good as against a

general demurrer. Evidence under the petition may be introduced to authorize a finding that the plaintiff's efforts and services were the procuring or efficient cause of the purchase and that the purchase of the stock of the Laurent Land Company by the defendants and a conveyance of the lands by the new Laurent Land Company to the defendants, under the circumstances, amounted to a conveyance of the lands directly to the defendants. The petition in the case of *Erwin* v. *Wender*, 78 *Ga. App.* 94 (50 S. E. 2d, 244), alleged that the plaintiff, a real-estate broker, was informed by the defendant that he desired to purchase investment property in the vicinity of Atlanta and that he could pay around $200,000 therefor; that he requested the plaintiff to locate such a piece of property for him; that pursuant to such request, the plaintiff, about June 1, 1947, contacted Ben Massell, vice-president of Pinegrant Corporation, and told him that he had a client who desired to purchase a piece of investment property in the $200,000 class and Massell listed with the plaintiff the property in question, for sale at $200,000 net to owner, the purchaser to pay the real-estate commission in addition; that the plaintiff secured all necessary information about the property, prepared a "set-up" of same, showed this to the defendant, and explained to him that the price of $200,000 was to be net to the owner and that the purchaser would have to pay the real-estate commission on the sale, in addition to the price stated; that the defendant indicated that he was interested in the property, took and retained the "set-up" of the property prepared by the plaintiff, and shortly thereafter, through a corporation, principally owned and controlled by the defendant and organized by him on June 11, 1947, for the purpose of buying the property, the defendant purchased the property in question from the owner for $195,000, falsely and fraudulently representing to the owner that no real-estate agent was involved. The trial court sustained a general demurrer to the petition and dismissed the action. Upon an appeal this court reversed the lower court saying that it plainly appeared from the petition that the alleged services of the plaintiff in connection with the property were performed by him at the request of the defendant and was accepted by defendant, and quoting Code § 3-107 to the effect: "Ordinarily, when one renders services or transfers

property valuable to another, which the latter accepts, a promise is implied to pay the reasonable value thereof." The court further said that a jury would have been authorized to find from the allegations of the petition, if sustained by the evidence, that the plaintiff was the procuring cause of the sale of the property in question to the defendant, or his corporation organized for the purpose of taking title to the property; that the fact that the corporation organized by the defendant for such purpose bought the property did not affect the plaintiff's right to recover for the services performed by him and accepted by the defendant and that as the defendant sought and requested the services of the plaintiff, he could not then form a corporation and purchase the property through it directly from the owner so as to defeat the plaintiff's right to compensation for his services. That case is almost analogous to the instant case and the principles announced there are applicable and controlling in this case. See also *Williamson* v. *Martin-Ozburn Realty Co.,* 19 *Ga. App.* 426 (91 S. E. 510). The contention by the plaintiffs in error that *Erwin* v. *Wender,* supra, hinged on the false and fraudulent representation of the defendant to the seller that no agent was involved is without merit. Such a representation merely afforded additional support for the theory that the services were rendered under circumstances obligating the purchaser to pay therefor.

2. A demurrer, being a critic, must itself be free from fault. *Katz* v. *Turner,* 49 *Ga. App.* 81 (174 S. E. 167). A demurrer which merely recites that a paragraph of the petition is vague, indefinite and uncertain is itself vague, indefinite and uncertain. The following special demurrers are bad because of vagueness: 3(a); 4(a); 6(a); 7(a), (b) and (c; 8(a), (b) and (c); 9(a) and (b). Special demurrers 2; 3(b), (c) and (d); 4(c); 5; 6(b) and 9(b) are without merit under the construction put on the petition by the court. Special demurrers 4(b) and (d) are without merit.

The court did not err in overruling the demurrers.

*Judgment affirmed. Sutton, C.J., and Worrill, J., concur.*