18555. BECK & GREGG HARDWARE CO. *v.* ASSOCIATED TRANSPORT, INC.

</div>

CANDLER, Justice. This mandamus proceeding was brought in Fulton County by Beck & Gregg Hardware Company, a private corporation, against Associated Transport, Inc., a common carrier which operates under a certificate of convenience and necessity issued to it by the Public Service Commission under and pursuant to the provisions of Chapter 68-6 of the Code of 1933. In substance, the petition alleges: The plaintiff operates a wholesale hardware business and is dependent on common carriers both for receipt and delivery of its merchandise. The defendant, in violation of a public duty which the law imposes upon it as a common carrier, has refused to accept merchandise from it and deliver it to the plaintiff's customers; and, after accepting merchandise consigned to it, and which it has in its custody, has refused to deliver it to the plaintiff. The petition was demurred to, amongst other reasons, upon the grounds that it was too vague and indefinite to be made the basis of a writ of mandamus, and generally upon the ground that it failed to set forth any refusal on the defendant's part to accept or deliver any particular shipment of merchandise consigned to the plaintiff. These two grounds of demurrer were sustained and the petition was dismissed. *Held:*

1. "A private person may by mandamus enforce the performance by a corporation of a public duty as to matters in which he has a special interest." Code § 64-103; *Savannah & Ogeechee Canal Co.* v. *Shuman*, 91 *Ga.* 400 (17 S. E. 937, 44 Am. St. R. 43). "A corporation engaged in business as a common carrier is bound to receive all goods offered it for transportation, which it is able and accustomed to carry, upon compliance with such reasonable regulations as it may adopt for its own safety and the benefit of the public; and a private party may, by mandamus, enforce the performance of this public duty by such common carrier as to matters in which such party has a special interest." *Southern Express Co.* v. *Rose Co.*, 124 *Ga.* 581 (53 S. E. 185, 5 L. R. A. (NS) 619). See *Southern Ry. Co.* v. *Atlanta Stove Works*, 128 *Ga.* 207 (57 S. E. 429).

2. A demurrer, being a critic, must itself be free from imperfection, and where, as in this case, a petition is demurred to as a whole upon the ground that it "is too vague and indefinite to be made the basis of a writ of mandamus," such demurrer will not be considered as making an attack upon the sufficiency of the petition to state a cause of action for the relief sought. *Martin* v. *Bartow Iron Works*, 35 *Ga.* 320; *Darien Bank* v. *Clifton*, 156 *Ga.* 65 (118 S. E. 641); *Wellborn* v. *Johnson*, 204 *Ga.* 389 (50 S. E. 2d 16); *Scott* v. *Central of Ga. Ry. Co.*, 18 *Ga. App.* 159 (88 S. E. 995); *Rhyne* v. *Price*, 82 *Ga. App.* 691 (62 S. E. 2d 420).

3. A general demurrer goes to the whole pleading to which it is addressed, and should be overruled if any part of such pleading is good in substance. *Blaylock* v. *Hackel*, 164 *Ga.* 257 (138 S. E. 333); *Calbeck* v. *Herrington*, 169 *Ga.* 869 (152 S. E. 53); *Bridges* v. *Brackett*, 205 *Ga.* 637 (3) (54 S. E. 2d 642). In this case and irrespective of other allegations and their sufficiency to state a cause of action, the petition alleges that the defendant, as a common carrier, accepted, had in its custody, and refused to deliver merchandise consigned to the plaintiff. Having accepted such merchandise, as a common carrier, it was unquestionably the defendant's duty to deliver it to the plaintiff and, on refusal to do so, mandamus will lie to require a performance of the duty. Accordingly, the petition stated a cause of action, and the court erred in dismissing it on demurrer.

*Judgment reversed. All the Justices concur.*

ARGUED APRIL 14, 1954—DECIDED APRIL 14, 1954.

*Smith, Kilpatrick, Cody, Rogers & McClatchey,* for plaintiff in error.

*W. Colquitt Carter, Bryan, Carter, Ansley & Smith,* contra.