0113

Miriam COCKFIELD, Appellant, v. Coleman L. JEFFCOAT and The South Carolina Electric and Gas Company, Respondent.

(313 S. E. (2d) 365)

Court of Appeals

*Benjamin M. Mabry*, of *Cromer & Craig*, Columbia, *for appellant.*

*John M. Mahon, Jr.*, Columbia, *for respondent.*

Heard Feb. 3, 1984.

Decided March 2, 1984.

CURETON, Judge:

In an amended complaint, appellant, Miriam Cockfield, sought damages against respondent, The South Carolina Electric and Gas Company (SCE&G), for abuse of process, negligent rendering of legal or quasi-legal advice and intentional infliction of emotional distress.[1] The SCE&G demurred to the cause of action alleging the negligent rendering of advice on the ground that it failed to state facts sufficient to constitute a cause of action. The trial court sustained the demurrer. We reverse.

The material allegations of Cockfield's amended complaint were these. Cockfield and Defendant Jeffcoat owned adjoining property on Lake Murray. A high wall constructed on Cockfield's property collapsed, scattering debris on Jeffcoat's property. Jeffcoat, with the assistance of SCE&G, procured an arrest warrant for Cockfield based on an alleged violation of criminal laws relating to unlawful dumping. Cockfield was arrested and jailed until bond could be posted. Officials of SCE&G assisted in the prosecution which resulted in "discharge" of the warrant.

The complaint further alleged that SCE&G rendered legal or quasi-legal advice to Jeffcoat and a magistrate which "suggested" that Jeffcoat swear out a criminal warrant for Cockfield's arrest. SCE&G knew, according to the complaint, that the advice would be acted upon and would affect Cockfield. Cockfield alleged that SCE&G owed her a duty not to

---

[1] Appellant only alleged an action for abuse of process against Defendant Jeffcoat and he is not a respondent in this appeal.

give the advice, gave the advice negligently and recklessly, and caused her to sustain damages proximately resulting from the negligent rendering of such advice.

SCE&G demurred to the amended complaint on the ground "said cause of action read in its entirety and all facts plead (sic) therein taken as true, fails to state a cause of action against the Defendant." Although Cockfield argued that the demurrer should be overruled for failure to state the specific grounds of objection, the trial court sustained the demurrer. The court's order states the demurrer was sustained for this reason: the object of the requirement that a demurrer state specific grounds of objection is that the adversary have notice of the precise issue to be met upon argument of the demurrer and, in this case, Cockfield had notice because of extensive pre-hearing discovery. We disagree.

Section 15-13-330 provides that "the demurrer shall distinctly specify the grounds of objection to the complaint. Unless it does so it may be disregarded." An extensive review of decisions of our Supreme Court interpreting Section 15-13-330 reveals the consistent holding that a demurrer which only alleges that the complaint fails to state a cause of action should be overruled. *Cloninger v. Cloninger,* 261 S. C. 603, 193 S. E. (2d) 647 (1973); *Pargas of Loris, Inc. v. Heniford,* 254 S. C. 344, 175 S. E. (2d) 391 (1970); *Franks v. Anthony,* 231 S. C. 191, 97 S. E. (2d) 891 (1957); *Fennell v. Glamor Shops,* 222 S. C. 21, 71 S. E. (2d) 499 (1952).

SCE&G contends that the court's ruling should be sustained because Cockfield cannot claim lack of notice of the specific grounds of objection posed by the demurrer. SCE&G notes that Cockfield amended her original complaint for abuse of process to add the action for the negligent rendering of advice. Citing specific objections, SCE&G demurred to the action alleged in that complaint. The demurrer was sustained with leave to amend. Cockfield amended her complaint a second time. This time, SCE&G demurred in the manner set out above in the apparent belief that it could rely on the specific objections set out in the first demurrer. We must reject this contention.

Cockfield's second amended petition stated allegations different from those of the first amended complaint.

Thus, SCE&G could not rely on the specific objections of its first demurrer to provide notice of its objections to the second amended complaint. While this Court's inclination is to affirm the trial court's order sustaining the demurrer since the complaint is obviously defective, we are bound to uphold the law as set out in our statutes and interpreted by our Supreme Court. Adopting the language of the court in *Beck and Gregg Hardware Co. v. Associated Transport, Inc.*, 210 Ga. 545, 81 S. E. (2d) 515 (1954), we note; "A demurrer, being a critic, must itself be free from imperfection."

We recognize that the demurrant may have by oral motion at the hearing on the demurrer, set forth the specific grounds upon which it claims the appellant's complaint does not state facts sufficient to constitute a course of action. *Exchange Bank of Meggett v. Bennett*, 193 S. C. 320, 8 S. E. (2d) 515 (1940). However, such motion must be reduced to writing by counsel or by the court stenographer. No where is there any indication that such a motion was made.

Accordingly, the judgment sustaining the demurrer is hereby reversed and the action is remanded for further proceedings consistent with our decision herein.

Reversed and remanded.

GARDNER and GOOLSBY, JJ., concurr.