A92A0056. ELBERT COUNTY BOARD OF EDUCATION v. SHANKLE.
(421 SE2d 536)

COOPER, Judge.

We granted this discretionary appeal from an order of the superior court reversing a decision of the State Board of Education. The underlying issue involves the ability of a local school board to reassign a properly certified teacher to an area outside her area of certification.

The essential facts of this case are not in dispute. Beginning with the 1990-91 school year, appellant, the Elbert County Board of Education, in an attempt to qualify for incentive grants made available through the Quality Basic Education Act, reorganized its schools so that the middle school consisted of grades 6, 7 and 8. Prior to that time, the middle school had consisted only of grades 7 and 8, and for the past 15 years, appellee had been an eighth grade english teacher in the middle school. Appellee held a teacher's certification to teach english in grades 7-12, and in 1990 she signed her annual contract which assigned to her the duty of teacher in the Elbert County Middle School. To facilitate the reorganization of the schools, the principal of the middle school reassigned some teachers who had previously

taught 7th and 8th grade classes to the 6th grade classes and reassigned some 6th grade teachers to the 7th and 8th grade classes. Although appellee's certificate was for grades 7-12, she was reassigned to teach 6th grade english. Her reassignment did not involve any reduction in pay or responsibility and allowed her to teach 6th grade english for one year without obtaining another certification. However, to obtain the appropriate certification allowing her to teach the sixth grade, appellee was required to take two courses related to middle school teaching and pass the Teacher's Certification Test ("TCT") in the area of middle school education. Appellee was awarded, and accepted, a stipend of approximately $1,400 to assist her in taking the courses required to obtain the new certification and completed all of the necessary requirements with the exception of taking the TCT. Appellee filed a grievance protesting her reassignment, contending that the reassignment violated her rights under the Fair Dismissal Act, OCGA § 20-2-940 et seq. Following a hearing, appellant entered a decision upholding the principal's decision to reassign appellee. Appellee appealed that ruling to the State Board of Education ("State Board"), which entered an order affirming appellant's ruling. The State Board concluded that appellee implicitly agreed to the transfer by accepting the stipend and completing the required course work and that appellee's acceptance of the stipend amended appellee's contract and created a contractual obligation on the part of appellee to perform accordingly by obtaining the new certification. Pursuant to OCGA § 20-2-1160, appellee appealed the decision of the State Board to the Superior Court of Elbert County. Appellant filed a cross-appeal, contending that the State Board erred in placing a condition on its affirmance of the reassignment and in implying in its order that appellant could not reassign appellee without an amended contractual agreement created by appellee's acceptance of the stipend. The superior court held that the State Board erred in ruling that there had been a valid amendment to appellee's contract and remanded the case to the State Board for the entry of an order reversing appellant's decision to deny appellee's grievance. As to the appellant's cross-appeal, the superior court held that the issues raised in the cross-appeal had not been addressed by the State Board, therefore those issues were not properly reviewable by the superior court.

We find no error with the superior court's determination that appellee's acceptance of the stipend did not constitute an amendment to her contract. Appellee's contract expressly states that any amendment must be in writing. We also note that appellant concedes in its brief that what was involved was not an amendment to the contract but merely a reassignment made pursuant to appellee's contract. Thus, the issue is whether appellant had authority to reassign appellee to a grade outside her area of certification, thereby requiring her

to take additional courses and pass the TCT. That issue was argued by both parties before the State Board and formed the basis of appellant's cross-appeal to the superior court. However, the trial court failed to review appellant's cross-appeal on the ground that the issue raised was not passed upon by the State Board and was not properly reviewable by an appellate court.

The State Board order reads, in pertinent part, as follows: "OCGA § 20-2-943 (b) permits a local board of education to assign and reassign teachers as it deems necessary. The statute does not establish any restrictions on such assignments and reassignments. Here, [appellee] implicitly agreed to the transfer, as evidenced by her acceptance of the stipend and completion of the requisite course work. While [appellee] argues that the transfer will lead to her dismissal, the facts do not show that [appellant] will terminate [appellee's] employment. [Appellee's] claim of any violation of the Fair Dismissal Act is premature.

"The issue before this Board is not whether a system can require a teacher to accept a transfer into an area where she lacks the appropriate certification but whether or not by virtue of her performance on an agreement amends the contractual obligation of the employment contract. We find that it does create an amendment to the contract and, therefore, creates the contractual obligation by the [appellee] to perform accordingly, i.e., obtain a middle school certificate. Whether or not [appellee] is in breach of this contract is not a question before this Board.

"Based on the foregoing, the State Board of Education is of the opinion that [appellant] could transfer [appellee] to a sixth grade teaching position if the transfer complies with the regulations of this Board and [appellee's] certification.

"Accordingly, [appellant's] decision to transfer [appellee] is sustained if [appellee] is qualified to teach the class to which she has been transferred."

We agree with the trial court that the State Board did not enter a ruling on appellant's authority to reassign appellee. However, since this matter was properly raised and argued before the State Board, the proper procedure would have been for the superior court to remand the case to the State Board to enter a decision on the issue of appellant's authority to reassign appellee to a grade outside her area of certification. Accordingly, this case is remanded to the superior court with direction that the superior court remand the case to the State Board for entry of a decision on that issue.

*Case remanded with direction. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED JUNE 12, 1992 —
RECONSIDERATION DENIED JULY 23, 1992 — 

*Heard, Leverett & Phelps, E. Freeman Leverett,* for appellant.
*Henry & Pearson, J. Hue Henry,* for appellee.