## 37122. JACKSON et al. v. GOODMAN et al.

CLARKE, Justice.

This is a zoning case in which we are called upon to determine whether the zoning classification for certain real estate is so restrictive that it amounts to an unconstitutional taking and is therefore void. The plaintiffs are the owners of a parcel of land containing 8.8 acres which is situated at the intersection of Northside Drive and Interstate Highway 75 in the City of Atlanta. When the land was conveyed to the plaintiffs in 1965, it was zoned R-4, and was designated R-4 at the time this litigation began. This zoning classification is defined as single family detached construction with approximately four lots per acre.

The owners now have a contract to sell the land for a price of $880,000 but the contract is conditioned upon the successful rezoning from R-4 to O-I which would allow office or institutional construction. The intent of the plaintiffs as expressed in the request for zoning change is to construct office buildings upon the land. The city council of Atlanta denied the application for zoning change and the plaintiffs filed suit seeking an order declaring the R-4 zoning to be

unconstitutional in that the classification is arbitrary and unreasonable and constitutes the taking of private property without just compensation. Subsequent to the filing of this action the Atlanta City Council adopted a comprehensive development plan for 1980, under which the use of the property was designated high density residential which calls for 17 units plus per acre, but the zoning ordinance has not been amended to conform to the plan.

The trial court found that the R-4 zoning is unconstitutional and further found the property was unsuitable for higher density residential uses designated in the comprehensive development plan. The order also states that the highest and best use of the property is office and institutional and that such use, with the developer's planned precautions, would have no adverse effect on the adjoining residential neighborhood. The case was remanded for rezoning in a constitutional manner and the City of Atlanta appeals.

The municipal government has the power to zone and rezone property; the courts do not have authority to rezone. *Hall Paving Co. v. Hall County,* 237 Ga. 14 (226 SE2d 728) (1976). Once a zoning case reaches the court the question is not "whether another zoning classification might be more logically and economically 'reasonable' or desirable under all the facts than the one attacked, because that is not the question. We ask whether the plaintiff has carried the burden of showing that the zoning under attack is so detrimental to him, and so insubstantially related to the public health, safety, morality and welfare, as to amount to an unconstitutional 'taking,' that is, an arbitrary confiscation of his property without compensation by the governing authority." *Guhl v. MEM Corp.,* 242 Ga. 354, 355 (249 SE2d 42) (1978). As we reexamine the evidence under *Barrett v. Hamby,* 235 Ga. 262 (219 SE2d 399) (1975) and *Guhl v. Holcomb Bridge Rd. Corp.,* 238 Ga. 322 (232 SE2d 830) (1977), we must also consider that "the local governing body is the more appropriate one to shape and control the local environment according to the best interests of the locality and its citizens." *Westbrook v. Board of Adjustment,* 245 Ga. 15, 17 (262 SE2d 785) (1980).

The property is located at a major intersection; its southwestern boundary is Interstate 75 and its eastern boundary fronts on U. S. 41. The adjoining property to the immediate north is R-4 single family as is the property across U. S. 41. Going southeasterly along I-75 there are multi-family uses on both sides of the expressway. In reviewing the record and the findings of the trial court, we agree with the conclusion that the existing zoning which permits approximately four units per acre of single family residences is constitutionally unreasonable under the decisions of this court. There was considerable evidence that it is not feasible to develop this tract as

single family residences introduced by the plaintiffs. The city was unable to demonstrate that such development could be accomplished without substantial detriment to the landowners. In fact, in 1978, the city's comprehensive plan called for a higher density than existing zoning and the 1980 plan indicates an even higher density residential area to be the transition between the R-4 neighborhood and the expressway.

The order of the trial court is affirmed insofar as it declares restricting the land to single family detached dwellings is unconstitutional. However, we reverse the holding that the higher density residential uses are also unconstitutional. We also find that under *Guhl v. MEM Corp.,* 242 Ga. 354, supra, his finding that office and institutional zoning reflects the highest and best use of the property is irrelevant to the determination of the constitutional reasonableness of R-4 zoning. While there was some evidence as to how this property could be developed for multi-family use, there was no evidence as to what intervening zoning classifications would correspond to such a plan and what the accompanying restrictions would be. See *DeKalb County v. Post Properties,* 245 Ga. 214 (263 SE2d 905) (1980). The comprehensive development plan is not a zoning ordinance and since the constitutionality of the intervening zoning classifications was not raised, the court erred in declaring any higher density residential use to be unconstitutional.

*Judgment affirmed in part; reversed in part and remanded. All the Justices concur.*

DECIDED JUNE 16, 1981.

*Marva Jones Brooks, Thomas A. Bowman,* for appellants.
*Clifford Oxford, Russell D. Mays,* for appellees.