39983. IN RE ESTATE OF GWENDOLYN H. LOTT.

PER CURIAM.

This case presents a question of whether the Constitution of Georgia of 1983 broadens the jurisdiction of this court relating to cases involving wills. We hold that it does not, and the case is therefore transferred to the Court of Appeals.

This is an appeal of a superior court order which ruled that the probate court correctly determined it did not have jurisdiction to set aside the probate of a will because of a lost codicil being found. The Constitution of Georgia of 1976, Art. VI, Sec. II, Par. IV (Code Ann. § 2-3104), confers upon this court jurisdiction over "all cases which involve the validity of, or the construction of wills." We have long construed this constitutional provision as conferring jurisdiction only in cases in which the validity or construction of the will is the main issue on appeal. *Darnell v. Tate,* 208 Ga. 23 (64 SE2d 582) (1951); *Trust Co. of Ga. v. Smith,* 182 Ga. 360 (185 SE 525) (1936); *Reece v. McCrary,* 179 Ga. 812 (177 SE 741) (1934). The Constitution of Georgia of 1983, Art. VI, Sec. VI, Par. III (Code Ann. § 2-3203), confers jurisdiction to this court in "all cases involving wills."

We hold that the language "all cases involving wills" means those cases in which the will's validity or meaning is in question. The only issue in this case is the jurisdiction of the probate court in an action to set aside a probate based on discovery of new evidence. Jurisdiction therefore lies in the Court of Appeals.

*Transferred to the Court of Appeals. All the Justices concur.*

DECIDED SEPTEMBER 21, 1983.

*Douglas W. Mitchell III, T. V. Williams, Jr.,* for appellant.
*Preston, Preston & Hudson, James D. Hudson, M. L. Preston,* for appellee.