S90A1639. TILLEY PROPERTIES, INC. et al. v. BARTOW COUNTY et al.

(401 SE2d 527)

SMITH, Presiding Justice.

Appellants, Tilley Properties, Inc. and Vulcan Materials Company, own over 700 acres of real property in Bartow County. In 1986, Bartow County enacted its first zoning ordinance, and the appellants' property was zoned A-1, agricultural. Appellant Vulcan wants to mine the granite on the property, and in 1989 the appellants sought to have the property rezoned to M-1 so that it could be mined. The application was denied. The appellants filed an action in the Bartow County Superior Court in which they sought, among other things, the rezoning of the property. Five months later, May 21, 1990, the complaint was amended and the appellants prayed for a writ of mandamus to compel the appellees to issue a certificate of zoning compliance.

At the June 5, 1990 hearing, the appellants argued that the zoning ordinance is null and void because it was not enacted in compliance with the Zoning Procedures Law (ZPL), OCGA § 36-66-1 et seq. The trial court disagreed, the petition for a writ of mandamus was denied, and the trial court upheld the Bartow County Zoning Ordinance. We reverse.

1. The appellants argue that the trial court erred in refusing to hold the ordinance invalid because Bartow County did not follow the mandatory language of the ZPL. Specifically, Bartow County did not conduct a public hearing for the purpose of adopting the policies and procedures to govern the calling and conducting of zoning hearings. OCGA § 36-66-5.[1]

---

[1] OCGA § 36-66-5 provides, in pertinent part,

(a) Local governments shall adopt policies and procedures which govern calling and conducting hearings required by Code Section 36-66-4, and printed copies of such policies and procedures shall be available for distribution to the general public.
. . .

(c) Prior to the adoption of policies and procedures pursuant to subsection (a) of

In *McClure v. Davidson*, 258 Ga. 706, 710 (373 SE2d 617) (1988), this Court examined the legislative intention in enacting the Zoning Procedures Law, (ZPL) OCGA § 36-66-1 et seq., and held that the procedures specified were mandatory and that non-compliance with the procedures would invalidate any zoning decisions after the effective date of the ZPL. The Bartow County ordinance was enacted after the effective date of the ZPL.

The ZPL establishes as state policy, "minimum procedures governing the exercise of [the zoning] power." OCGA § 36-66-2 (a). All local governments are required to adopt policies and procedures to govern calling and conducting zoning hearings. OCGA § 36-66-5 (a). Printed copies of the policies and procedures must be available for distribution to the public. Id. "Prior" to the adoption of the policies and procedures, OCGA § 36-66-5 (c), a local government must publish within a newspaper of general circulation a notice of the public hearing, OCGA § 36-66-4, and a public hearing must be held on the proposed action. Id.

Bartow County did not comply with the mandatory language of the statute. There was no public notice in the newspaper, as required by OCGA § 36-66-5 (c), informing the public that there would be a hearing prior to adopting the policies and procedures, and there was no public hearing in which policies and procedures were adopted. The testimony at the trial court hearing establishes, beyond a doubt, that policies and procedures were not adopted at a public hearing for that purpose. OCGA § 36-66-5.[2] Additionally, there was no mention in the proposed ordinance about policies and procedures, "[a] fortiori, the General Assembly intended non-compliance with the procedures to invalidate any zoning decision after [January 1, 1986]." *McClure* at 710. The trial court erred in failing to hold that the County did not

---

this Code section . . . a local government shall conduct a public hearing on the proposed action. . . .

[2] Mr. Steve Miller testified that he was present and spoke at the January 27, 1986 hearing. He said that nothing was distributed to him in writing prior to the hearing as to what the policies regarding the speakers or the actual conduct of the hearing would be. He also said that Mr. C. D. Rampley opened the meeting by stating that the speakers would be called two at a time, one back up when the other one finished and each speaker was limited to three minutes if they had signed up prior to the meeting. Mr. Miller testified that he got a copy of the proposed ordinance with the help of his lawyer.

Ms. Mary Sheffield, a reporter for the Cartersville Daily Tribune, testified that she was present at the January 27, 1986 zoning hearing. She said that Mr. Rampley conducted the hearing. When she reviewed the story she had written about the hearing she noted that there was no reference to any written rules and procedures for conducting the hearing. She stated that Mr. Rampley indicated where the microphones were located, and that the speakers were limited to three minutes. She also stated that she had obtained all of the information that the County had provided and that she did not see any written policies or procedures for the conduct of the hearing.

The County did not challenge or dispute the testimony of the witnesses.

comply with the statute and that the ordinance is void.

2. The trial court denied the appellants' petition for a writ of mandamus on the ground that the ordinance was validly enacted. It also reasoned that if the ordinance was invalid there would be no clear legal right to a certificate.

According to the appellants' amendment to their complaint, the Department of Natural Resources (Environmental Protection Division) forbids the operation of a rock quarry without a surface mining permit. However, a condition precedent to the issuance of the permit is a certificate of land use approval from the local governing authority. Without the certificate of land use approval, a surface mining permit cannot be issued, and without the surface mining permit, a quarry cannot be allowed. A "county has the duty and obligation to work with property owners to allow them the highest and best use of their property. . . ." *DeKalb County v. Flynn*, 243 Ga. 679, 680 (256 SE2d 362) (1979). Where, as in this case, the zoning ordinance is invalid, there is no valid restriction on the property, and the appellant has the right under the law to use the property as it so desires. Because there is no other specific legal remedy for the legal right, OCGA § 9-6-20, a writ of mandamus will lie to compel the officer to issue a certificate of land use to the appellant so that it might attempt to obtain a surface mining permit.

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment but dissents as to Division 2; Benham and Fletcher, JJ., who dissent.*

FLETCHER, Justice, dissenting.

1. (a) Appellants contend that the zoning ordinance is invalid because Bartow County did not hold a public hearing concerning a proposed ordinance that would establish policies and procedures governing the calling and conducting of public hearings at which a zoning ordinance is to be adopted. Using the logic employed by appellants, a separate ordinance establishing the policies and procedures for the public hearing must be enacted prior to any public hearing held for the purpose of considering the adoption of the proposed zoning ordinance.

(b) Section 13 of the proposed zoning ordinance and Section 13 of the ordinance that was eventually adopted are identical. I conclude that Section 13 contains provisions establishing policies and procedures which adequately govern the calling and conduct of public hearings. Printed copies of the proposed ordinance were made available to the general public prior to the scheduled public hearing. The Commissioner of Bartow County caused a notice of the hearing to be published in a newspaper of general circulation within Bartow County. This notice was published on January 9th, 16th, and 23rd of

1986 and stated that "a public hearing will be held on January 27, 1986 at 7:00 p.m. in the main courtroom of the Bartow County Courthouse for the purpose of receiving public input concerning the proposed zoning ordinance." The published notice satisfied the requirements of OCGA § 36-66-4 (a).

(c) The parties have stipulated that while, prior to the January 27 hearing, no separate public hearing was held on the proposed policies and procedures pertaining to the calling and conduct of hearings governing the exercise of the county's zoning power, those policies and procedures were included in the zoning ordinance proposal for which the January 27 hearing was held.

(d) I do not interpret the ZPL as requiring a two-step procedure whereby two separate public hearings must be held by a local government that has not previously adopted a zoning ordinance: the first to receive public input on a proposed ordinance establishing procedures governing calling and conducting hearings on zoning decisions, and, after adopting such ordinance, a second hearing to receive public input as to the proposed zoning ordinance itself. The ZPL states that its intent is "to establish as state policy minimum procedures governing the exercise of [zoning] power" and to thereby assure that the general public is afforded due process when local governments exercise their zoning powers. OCGA § 36-66-2 (a). The notice provided by Bartow County prior to the adoption of the zoning ordinance in question satisfied these minimum procedures and the record does not reflect that anyone was denied the right to be heard.

(e) The trial court found that the zoning ordinance in question was not invalid for any of the reasons submitted by appellants. I agree.

2. Appellants contend that a writ of mandamus will lie to compel the county commissioner to issue appellants a certificate of land use approval as is required by the rules and regulations of the Department of Natural Resources ("DNR"). However, even if the zoning ordinance is invalid, I must agree with the trial court that mandamus will not lie to compel a public officer to do an act not clearly commanded by law.

There is no general or local law that would require a county or its officials to issue the certificate of land use approval that is required by the DNR regulations prior to the issuance of a surface mining permit. Without such a duty imposed by law, a writ of mandamus will not lie to compel that such be issued. If there were no valid zoning ordinance and if the public official refuses to sign a land use approval certificate, appellants' remedy, assuming it had met all of the other preconditions required by the DNR prior to the issuance of a surface mining permit, would be an appropriate action against the DNR, not the county.

For the foregoing reasons, I respectfully dissent. I am authorized to state that Justice Benham joins in this dissent.

DECIDED MARCH 15, 1991 —
RECONSIDERATION DENIED MARCH 29, 1991.

*Alston & Bird, G. Conley Ingram, Peter M. Degnan, Nancy Glenn, Archer & Howell, David G. Archer,* for appellants.

*Nelson & Bradley, G. Carey Nelson III, Jenkins & Eells, Frank E. Jenkins III,* for appellees.

*James F. Grubiak,* amicus curiae.