A94A0857, A94A0858. KING v. BOARD OF EDUCATION OF THE CITY OF BUFORD; and vice versa.
(447 SE2d 657)

SMITH, Judge.

Appellant Joyce King sought a writ of mandamus to compel the Board of Education of the City of Buford ("the Board") to "retain and renew" her contract "in her capacity as Band Director until such time as it has complied with the law by serving the notice and conducting the hearing as set forth in OCGA §§ 20-2-942 & [20-2-]940." The superior court denied the writ "on the merits," finding that "the position of 'band director' is not encompassed within the procedural safeguards of the Georgia Fair Dismissal Law." OCGA § 20-2-940 et seq. King appealed to the Supreme Court pursuant to Ga. Const. 1983, Art. VI, Sec. VI, Par. III and OCGA § 9-6-20. The local board

filed a cross-appeal enumerating the denial of its oral motion to dismiss. The Supreme Court transferred the cases to this court for disposition.

## Case No. A94A0858

1. "[T]he transfer of the appeal[s] to this court by the Supreme Court is tantamount to a ruling eliminating and resolving the [issues involving the legality or propriety of mandamus] which lie only within the jurisdiction of that court to determine. [Cits.]" *Swicegood v. Heardmont Nursing Home,* 183 Ga. App. 319 (359 SE2d 3) (1987). We therefore assume that there is no substantive issue here whether a writ of mandamus was the legal or proper relief to be sought in the superior court, as opposed to an administrative remedy, a writ of certiorari, declaratory relief, or some other remedy at law. See *Beauchamp v. Knight,* 261 Ga. 608, 609 (409 SE2d 208) (1991).[1] Therefore we do not consider procedural matters militating against mandamus relief in particular, such as whether King brought this action for reinstatement prematurely, whether she should have first exhausted her administrative remedies, or whether mandamus is a "personal" action that cannot properly be pursued against the Board as a legal entity. Consequently, the issues raised in appellee's cross-appeal are deemed to be without merit.

## Case No. A94A0857

2. Once it is accepted that other potential issues were resolved or eliminated upon transfer from the Supreme Court, we find that this case turns on the proper interpretation of the Georgia Fair Dismissal Law. OCGA § 20-2-940 et seq. Cf. *Community Newspapers v. Baker,* 198 Ga. App. 680 (402 SE2d 545) (1991) (interpreting OCGA § 9-13-142). These provisions "[set] forth the notice and hearing procedures for termination, suspension or demotion of teachers, principals and other employees having contracts for a definite term." *Rockdale County School District v. Weil,* 245 Ga. 730, 732 (2) (266 SE2d 919) (1980). King essentially contends that the Board's decision not to reassign her as the school's "band director" after having assigned those duties to her for the previous four years is a "demotion" within the meaning of the Fair Dismissal Law. We are constrained to disagree.

A "demotion" occurs within the meaning of the Fair Dismissal Law when a teacher or other school employee is effectively moved

---

[1] *Beauchamp* appears to rely, at least in part, on the traditional distinction between law and equity. However, that rationale is inapplicable to mandamus cases, since "the writ of mandamus is a common law writ, with which equity has nothing to do." (Emphasis omitted.) *Gay v. Gilmore,* 76 Ga. 725, 726 (1) (1886).

"from one position in the school system to another position in the school system having less responsibility, prestige, and salary." OCGA § 20-2-943 (a) (2) (C); *Weil,* supra. There is no question that King is being deprived of certain responsibilities and supplementary salary as a result of her loss of "band director" duties. Moreover, we have little difficulty in accepting as true that classroom teachers who are also band directors place a significantly higher value on that status than they do on their underlying status as classroom teachers generally. Nevertheless, it does not follow that King has experienced a demotion from one position in the school system to another under OCGA § 20-2-943 (a) (2) (C).

In support of its position, the Board offered the testimony of Judy Wolovick, program director for the Professional Standards Commission of the State of Georgia ("the Commission"). It is Wolovick's responsibility to govern and oversee the certification procedures for secondary school teachers seeking certification in Georgia. Her undisputed testimony reveals that the position of "band director" is not recognized as a "certifiable" position by the Commission. It therefore follows that "band director" is likewise not a cognizable "position" under the Georgia Fair Dismissal Law.

King wishes to establish a property right in her status as "band director" notwithstanding the fact that it is not a recognized position. Her desire to do so is understandable; she wishes to continue teaching subject matter that is neither confined strictly to the classroom nor to regular school hours. However, the General Assembly has established the Professional Standards Commission as the proper authority to "designate and define the various classifications of professional personnel employed in the public schools of this state. . . ." OCGA § 20-2-200 (a). See also OCGA § 20-2-989.1. That body has declined to establish the position of "band director" as a cognizable tenured position. This is a matter within the Commission's lawful discretion. It therefore follows that, in the absence of clear authority to the contrary, the position of "band director" is not in itself a distinct "position" affording King the procedural protections of the Fair Dismissal Law.

King's position appears to be that, over time, a teacher may attain property rights in any extracurricular undertaking he or she is allowed to pursue if additional compensation is received as a result. Moreover, she appears to contend that such undertakings do not merely enhance the teacher's primary, tenured position; rather, they elevate him or her to a new and distinct tenured "position" within the meaning of OCGA § 20-2-943 (a) (2) (C).

We find no support for this contention, and the Board has certainly not encouraged such an expectation. In the contracts immediately preceding the contract year in question, King signed an adden-

dum containing the following language: "In addition to the regular duties of your official contract, you have been appointed for the school year [specified] to the listed position(s)[2] in the Buford City School System, for which you will receive a supplemental salary allotment. Your duties will be assigned by your principal or immediate supervisor. This agreement *is not* automatically renewable as these assignments are made by the principal/supervisor each school year."

We find nothing unenforceable in the Board's retention of discretion from school year to school year in personnel matters involving extra duty positions such as band director. King was therefore not entitled as a matter of right to retain her "band director" status until such time as the Board held a hearing under OCGA § 20-2-942 (b) — a hearing to which she was likewise not entitled.

The trial court correctly held that the Fair Dismissal Law does not apply to the loss complained of in this case, and therefore the court properly denied King's petition for mandamus.

*Judgments affirmed. Birdsong, P. J., Beasley, P. J., Andrews and Johnson, JJ., concur. Pope, C. J., McMurray, P. J., Blackburn, J., and Senior Appellate Judge Harold R. Banke dissent.*

McMURRAY, Presiding Judge, dissenting.

I respectfully dissent to the judgment of affirmance as it is my view that the superior court erred in entertaining this petition for mandamus on the ostensible merits of the plaintiff school teacher's claim. Rather, I believe the controversy should be analyzed in terms of procedure. It is my view that, the superior court should have exercised its extraordinary authority and compelled the Board of Education to hold, in the first instance, the hearing plaintiff demanded, thereby setting into motion the administrative procedures established by the General Assembly for the benefit of tenured teachers. Accordingly, I would reverse the judgment of the superior court and remand with direction that mandamus issue, directing the Board to provide the procedure contemplated by statute, OCGA § 20-2-940 et seq. I express no opinion on whether plaintiff should prevail before the Board and believe the superior court should have expressed none. I submit only that plaintiff is entitled to procedural relief and the superior court erred in failing to grant mandamus to afford that relief. As my view differs from that of the majority, I respectfully dissent.

Plaintiff Joyce King petitioned the Gwinnett County Superior Court for injunctive relief and a writ of mandamus directed to defendant, the Board of Education of the City of Buford ("the Board"),

---

[2] Other than band director, the addendum lists 25 other potential extra duty assignments, including "fine arts director," "psychologist," "counselor," "head football," "assistant football," "golf," "cheerleader sponsor," "debate," etc.

alleging that she had been improperly demoted within the meaning of OCGA § 20-2-942, when the Board extended to her a renewed teaching contract but took away her responsibilities as the band director. Plaintiff demanded that the Board be compelled to retain her "in her capacity as Band Director until such time as [the Board] has complied with the law by serving notice and conducting the hearing as set forth in OCGA §§ 20-2-942 & [20-2-]940." A temporary restraining order was denied after a hearing, and further proceedings were scheduled. The Board answered, admitting that plaintiff is a certificated professional school employee who has accepted annual contracts for four consecutive years, but opposing the relief sought and averring that the petition failed to state a claim for relief because it seeks to enjoin the "assignment of supplemental or extra duty assignments which are too far removed from the primary teaching responsibilities of the plaintiff[.]"

The material facts adduced in support of and in opposition to plaintiff's application for a writ of mandamus are undisputed. Plaintiff received written notification that the Board would extend to her an offer of continued employment as a "classroom teacher" but would not reassign to her the duties of band director, which plaintiff had performed for the previous four years. She made a written demand for a hearing at which to contest this proposed adverse action. When plaintiff presented that demand to the attorney for the Board, the attorney informed her (apparently orally) that she was not entitled to a hearing. In addition to the admitted fact that she was a certificated music teacher who had accepted at least four consecutive annual contracts from a school within the Board's system, plaintiff presented unrefuted testimony that she would receive $5,000 less in annual salary, have fewer classes to teach and fewer responsibilities, and would suffer a loss of prestige. In response, the Board adduced the unrefuted testimony of Ms. Judy Wolovick, the Program Manager for the Professional Standards Commission of the State of Georgia. It is Ms. Wolovick's responsibility to govern and oversee the certification guidelines and procedures for secondary school teachers seeking certification in Georgia. According to her, the position of band director, like that of language arts teacher, "is not a certifiable position under the Georgia Professional Standards Commission." The written contracts between plaintiff and the Board show that, whereas plaintiff was expressly assigned the duties of "band director" in her first two contracts, in all subsequent years, her assigned duties were "classroom teacher." All contracts referred to a salary supplement for "Extra Curricula." However, in the last two contracts, plaintiff's supplement for her duties as the band director was itemized in an addendum which contained the following language: "In addition to the regular duties of your official contract, you have been appointed

for the school year [specified] to the listed position(s) in the Buford City School System, for which you will receive a supplemental annual salary allotment. Your duties will be assigned by your principal or immediate supervisor. This agreement *is not* automatically renewable as these assignments are made by the principal/supervisor each school year." (Emphasis in original.)

The trial court denied the writ of mandamus "on the merits," concluding that "the position of 'Band Director' is not encompassed within the procedural safeguards of the Georgia Fair Dismissal Law, (OCGA § 20-2-940 et seq.)." Plaintiff filed a direct appeal in the Supreme Court of Georgia and the Board filed a cross-appeal. By order, the Supreme Court transferred these cases to the Court of Appeals. In Case No. A94A0857, plaintiff appeals from the order of the superior court denying her application for a writ of mandamus, and in Case No. A94A0858, the Board cross-appeals from the ruling of the superior court denying the Board's oral motion to dismiss.

### Case No. A94A0857

1. Plaintiff enumerates the denial of her petition for a writ of mandamus, contending that she has a legal right to notice and a hearing, before the Board is authorized to demote her by taking away her responsibilities as the band director. The Board contends that the trial court correctly determined that plaintiff has no such legal right to prior notice and a hearing because she has been renewed at her basic "classroom teacher" responsibilities and so has not been demoted, even though her former position, emoluments, and duties of band director have been reassigned to another employee.

OCGA § 20-2-940 et seq., "sets forth the notice and hearing procedures for termination, suspension or demotion of teachers, principals and other employees having contracts for a definite term." *Rockdale County School District v. Weil*, 245 Ga. 730, 732 (2) (266 SE2d 919). Pursuant to OCGA § 20-2-943 (a) (2) (C), a demotion occurs when a teacher or other school employee is assigned "to another position in the school system having less responsibilities, prestige, and salary." "The statute is clear that all three features must be affected — responsibility, prestige and salary — [before] a transfer [is] to be considered a demotion." *Rockdale County School District v. Weil*, 245 Ga. 730, 732 (2), supra. "The controversy between these parties is whether the action taken by the . . . Board constitutes a demotion as contended by [plaintiff], or a [mere renewal of her basic instructional duties akin to a] reassignment as contended by [the Board]. If a demotion, the due process requirements of Code Ann. § 32-2103c [now OCGA § 20-2-942 (b)] apply. If a reassignment they do not apply. Code Ann. § 32-2104c [now OCGA § 20-2-943 (b)]." *Emerson v. Bi-*

*ble*, 247 Ga. 633, 634 (278 SE2d 382). Plaintiff's evidence in the case sub judice made out a prima facie case of demotion, in that she will be assigned to a position "having less responsibility, prestige, and salary." OCGA § 20-2-943 (a) (2) (C).

"Local boards of education constitute tribunals for hearing matters of local controversy with right of appeal to the State Board of Education. Code Ann. § 32-910 [now OCGA § 20-2-1160]. This is such a controversy." *Emerson v. Bible*, 247 Ga. 633, 634, supra. Mandamus is available to compel a school board to give notice and hold, in the first instance, the hearing prescribed by OCGA § 20-2-942 (b). See *Bd. of Ed. of Richmond County v. Young*, 187 Ga. 644, 647 (5) (1 SE2d 739). "This being a matter of local controversy in reference to the administration of school law the local board is the proper tribunal. [Plaintiff] is entitled under Code Ann. § 32-910 [now OCGA § 20-2-1160] to be heard. If the board determines after a proper hearing that this [renewal] is a [mere] re-assignment, [plaintiff] will not be entitled to the rights afforded under Code Ann. § 32-2103c [now OCGA § 20-2-942 (b)]. If the board determines after a proper hearing that the transfer is a demotion, [plaintiff] is to be afforded those rights. *Rockdale County School District v. Weil*, 245 Ga. 730[, supra]." *Emerson v. Bible*, 247 Ga. 633, 634-635, supra. Under this controlling precedent, the local board may not act unilaterally with respect to a tenured teacher who demands a hearing. The local board must give notice of a proposed reassignment or other intended action, even if the Board contends that the reassignment is not a demotion, in the form prescribed by OCGA § 20-2-942 (b) (2). If that proposed reassignment is controverted in a timely demand for the hearing prescribed by OCGA § 20-2-940 (e), the Board must hold that hearing and exercise its judgment that a disputed assignment is or is not a demotion. *Emerson v. Bible*, 247 Ga. 633, 634, supra. This determination need not be in writing unless so requested by the employee for purposes of appeal pursuant to OCGA § 20-2-940 (f). See *Owen v. Long County Bd. of Ed.*, 245 Ga. 647 (1), 648 (266 SE2d 461). Since the plaintiff in the case sub judice is a tenured teacher, she is entitled to demand a hearing and obtain an appealable determination whether the action intended by the Board is in truth a demotion rather than a reassignment. Consequently, it is my view that the superior court erred in denying plaintiff's petition for a writ of mandamus. The judgment of the superior court should be reversed and remanded with direction that mandamus issue, directing the Board to hold the hearing demanded by the plaintiff and to exercise its judgment as to the issue presented. See, e.g., *Elbert County Bd. of Ed. v. Shankle*, 205 Ga. App. 113, 115 (421 SE2d 536). I would not agree that the use of mandamus to accord that procedural relief which the Board has no discretion to deny will result in a flood of litigation whereby the supe-

rior court reviews every decision made by local school boards. On the contrary, it would be precedent whereby the superior court abjures jurisdiction in deference to the administrative procedures created by the General Assembly. As the affirmance of the judgment in the case sub judice will deny the tenured teacher the hearing to which she is entitled, I respectfully dissent.

*Case No. A94A0858*

2. In its cross-appeal, the Board contends that the trial court erred in failing to grant its oral motion to dismiss this petition for mandamus, arguing that plaintiff has failed to exhaust her administrative remedies. "[M]andamus will not lie where it appears that the complainant has not availed himself of the administrative remedies available under OCGA § 20-2-1160 [formerly] (Code Ann. § 32-910). *Surrency v. Dubberly*, 225 Ga. 735 (171 SE2d 306) (1969)." *Lansford v. Cook*, 252 Ga. 414, 415 (314 SE2d 103). However, "[w]here the remedy is inadequate, exhaustion is not required, *Hilton Construction Co. v. Rockdale Board of Education*, 245 Ga. 533, 539 (266 SE2d 157) (1980), and [a complainant is] entitled to bring an action for mandamus before the Superior Court without exhausting administrative remedies." *Glynn County Bd. of Ed. v. Lane*, 261 Ga. 544, 545 (1), 546 (407 SE2d 754). As the Board refused to hold the hearing to which plaintiff is statutorily entitled, it would have been futile to attempt to appeal that refusal to the State Board of Education. Pursuant to OCGA § 20-2-1160 (e), appeals to the State Board of Education are "confined to the record." This presupposes that an appellant has been afforded the very process unilaterally denied plaintiff by the Board's refusal to hold the hearing she demanded. Plaintiff's failure in the case sub judice to exhaust futile administrative remedies is not a bar to a direct proceeding for mandamus. I would hold that the superior court correctly refused to dismiss the petition on this ground.

I am authorized to state that Chief Judge Pope, Judge Blackburn, and Senior Appellate Judge Harold R. Banke join in this dissent.

DECIDED JULY 15, 1994 —
RECONSIDERATION DENIED JULY 29, 1994 — 

*Kennedy R. Packer*, for appellant.
*Chandler & Britt, Walter M. Britt, Gregory D. Jay*, for appellee.