## A02A1952. KINGSLEY et al. v. FLORIDA ROCK INDUSTRIES, INC.
(576 SE2d 569)

POPE, Senior Appellate Judge.

Lamar County and the members of its board of commissioners appeal summary judgment granted in favor of Florida Rock Industries, Inc. in a case that raises questions regarding the relationship between the procedural requirements of the county's zoning process and of the development of the county's "comprehensive plan." In this case, Lamar County denied Florida Rock's application for rezoning in part because the zoning did not comply with Lamar County's plan. Florida Rock sued and argued on summary judgment that the county's plan was invalid because it was implemented without proper notice. The trial court agreed, invalidated the plan, overturned the zoning denial, and remanded the case. This appeal followed.

The facts are largely undisputed. During the fall of 1995, Lamar County adopted a comprehensive plan covering the unincorporated areas of the county. Prior to adopting the plan, Lamar County gave notice of a public hearing to be held on August 1, 1995, by placing advertisements in the Barnesville Herald-Gazette on Tuesday, July 18, 1995, and on Tuesday, July 25, 1995. Accordingly, the first notice was published 14 days prior to the public hearing.

On October 5, 2000, almost five years later, Florida Rock filed the two required applications — one to rezone and one for a special use permit — necessary to rezone certain property located in the county for use as a rock quarry. On November 20, 2000, the Lamar County Board of Commissioners adopted a resolution denying Florida Rock's applications "based on the Lamar County 1995 Comprehensive Plan, the 1991 Land Use Plan and the Lamar County Zoning Ordinance."

Florida Rock contends there were no administrative remedies available to it to appeal that decision, so, ten days later, it sued the county and the members of the board of commissioners, raising five counts.[1] In Count 2, Florida Rock alleged that the Lamar County comprehensive plan was invalid because the county did not follow proper procedures enacting the plan.[2]

---

[1] The complaint was later amended to include the party from whom Florida Rock planned to purchase the property and a claim that that party was damaged.

[2] The other counts are: Count 1 – the Lamar County Zoning Ordinance is unreasonable and exceeds the county's police power, thus violating Florida Rock's right to substantive due process under the Georgia Constitution; Count 3 – the defendants' denial of the zoning applications was arbitrary and capricious and therefore constitutes a violation of the right to due process under the Georgia Constitution; Count 4 – the zoning denial constitutes a taking without just and adequate compensation as required by the Georgia Constitution; and Count 5 – the zoning denial constitutes an inverse condemnation.

Florida Rock then sought partial summary judgment on Count 2 only. It argued that the only Lamar County procedure for announcing and conducting public hearings "in matters related to zoning and land use" is set forth in the Lamar County Zoning Ordinance and the Zoning Procedures Law, and that those enactments require notice "at least fifteen (15) days but not more than forty-five (45) days before the hearing." Therefore, because notice was only given 14 days before the August 1, 1995 planning meeting, the Lamar County comprehensive plan is invalid.

The county offered an affidavit from the county administrator, the person responsible for the processes by which the county conducts public hearings on the various matters coming before the board. She testified that Lamar County neither has nor has had a written or formal policy regarding that process. However, on nonzoning matters, such as grants, the county's normal procedure is to publish notices in the local weekly newspaper in the two editions that immediately precede the board's public hearing, which is what she did in connection with the Lamar County comprehensive plan. She also testified that in matters, such as zoning, where a statute or rule requires some other notice, she complies with the specific notice applicable to that procedure.

The superior court held that because the county zoning ordinance is the only written procedure establishing a time for notices for public hearings in Lamar County, and because the zoning ordinance is inextricably connected to the comprehensive plan and vice versa, Lamar County's "normal procedure" for notification of public hearings in connection with the comprehensive plan requires a minimum of 15 days notice. The court concluded that, therefore, the Lamar County comprehensive plan was invalid, and, because the comprehensive plan was the only reason given for the denial of the zoning applications, that denial was also invalid. In a separate order, the court found that its initial decision resolved all issues in the case, and therefore it "remanded [the case] to the Lamar County Board of Commissioners to rezone the subject property in a constitutional manner."

1. Lamar County contends that the trial court erred because the undisputed evidence shows that the county adopted its comprehensive plan in compliance with all applicable notice requirements. We agree and reverse.

The Georgia Constitution gives counties and municipalities the power to adopt plans and to exercise the power of zoning. Ga. Const. of 1983, Art. IX, Sec. II, Par. IV. But the same paragraph also provides that the General Assembly may enact "general laws establishing procedures for the exercise of such power," and the General Assembly has done so in each identified area, planning and zoning.

The General Assembly enacted a procedure in connection with county comprehensive planning when it created the Georgia Department of Community Affairs (the "DCA"), which it authorized to assist local governments with local government planning, including land use planning. OCGA § 50-8-3 (a). The DCA is required to establish minimum standards and procedures for local government planning, including procedures for obtaining input from the public. OCGA § 50-8-7.1 (b) and (b) (4). Accordingly, pursuant to OCGA § 50-8-7.1 (b), the DCA promulgated Ga. Comp. R. & Regs. r. 110-3-2-.06 (4) (a), which requires a public hearing prior to development of the county's plan and provides for notice of that hearing as follows: "Local governments should follow the public hearing notification procedures *they normally use* in announcing and conducting public hearings." (Emphasis supplied.) Ga. Comp. R. & Regs. r. 110-3-2-.06 (4) (a).

The General Assembly has also enacted procedures in connection with zoning. The Zoning Procedures Law, OCGA § 36-66-1 et seq., was designed to establish as state policy "minimum procedures governing the exercise of [zoning] power." OCGA § 36-66-2 (a). In that regard, OCGA § 36-66-4 (a) provides that local governments must hold a hearing on any action "resulting in a zoning decision" and publish notice of that hearing at least 15 but not more than 45 days prior to the date of the hearing. In addition, local governments are authorized to provide by ordinance or resolution for procedures that supplement those required by the Zoning Procedures Law, OCGA § 36-66-2 (b), and Lamar County has done so.[3] Section 410 of the Lamar County Zoning Ordinance mimics the state law requirement by providing that any action taken on a request for an amendment to the zoning regulations must be made at a hearing and that notice of the hearing must be published at least 15 but not more than 45 days prior to the date of the hearing.

In short, the cited paragraph of the constitution authorizes two separate local government activities, planning and zoning, and the General Assembly enacted strict and explicit minimum statewide standards regarding notice for zoning decisions. Notice for planning hearings must simply conform to the county's normal procedure, not a uniform statewide procedure; the legislature did not take the time to define specific requirements, as it did with regard to zoning. We find nothing in this legislative scheme to suggest that the notice requirements pertaining to zoning should be applied to planning, nor do we find any requirement that the county's normal procedure must

---

[3] " 'Zoning ordinance' means an ordinance or resolution of a local government establishing procedures and zones or districts within its respective territorial boundaries which regulate the uses and development standards of property within such zones or districts. . . ." OCGA § 36-66-3 (5).

be in writing. Accordingly, this case turns on the simple question of what is the county's normal public hearing notification procedure.

In this case, the only evidence presented regarding the notification procedure normally used by Lamar County for public hearings was presented by the county administrator. No evidence was presented to rebut that evidence. The administrator explained that the normal procedure was followed in this case. Accordingly, the trial court erred by concluding that the procedure required by the zoning ordinance was the county's normal procedure for providing notice of public hearings.

2. The trial court reasoned and Florida Rock argues that the Lamar County Zoning Ordinance and comprehensive plan are inextricably tied together, and that therefore the proper notice that should have been given prior to adoption of the plan is governed by the zoning ordinance. Florida Rock's argument is based on Section 302 of the zoning ordinance. That section provides that county zoning regulations may be amended to meet changing needs, but "only if the proposed change is in conformance with the Lamar County Land Use Plan." If the proposed zoning change is not in conformance with the plan, then the plan "must first be amended to reflect the changing needs." Accordingly, argues Florida Rock, "an amendment to the zoning ordinance — such as that sought by Florida Rock in this case — requires a concomitant amendment to the land use plan."

Notwithstanding the fact that there is no evidence Florida Rock sought an amendment to the county plan in this case, Florida Rock argues that Section 302 links the ordinance to the plan in such a way that the minimum standards for notice of zoning decisions should also apply to planning decisions. But we find no authority nor compelling reason for this conclusion.

We initially note that Section 302, by its own terms, only applies to prospective rezoning applications and not the initial adoption of the plan, which is what Florida Rock contends was invalid. Even assuming that requesting a change in the comprehensive plan as required by Section 302 could be considered a part of a rezoning application, enactment of the comprehensive plan cannot. This is one flaw in Florida Rock's position.

Next, as explained above, the planning process is separate and distinct from the zoning process and the two are fundamentally different. The Zoning Procedures Law governs the exercise of "zoning power," and the County Zoning Ordinance pertains to the same. OCGA § 36-66-2 (a).[4] Comprehensive planning, on the other hand, refers to "any plan by a county," without limitation to the type of

---

[4] See note 2.

planning involved. OCGA § 50-8-2 (a) (3). The legislature stated that its purpose in creating the DCA included establishing minimum standards for land use in order to protect and preserve the state's "natural resources, environment, and vital areas," OCGA § 50-8-3 (a), which indicates a broader scope than zoning. Indeed, Lamar County's plan involves long-range planning that may be implemented based on the county's authority not just to establish zoning regulations, but to regulate private development through its powers of taxation, capital expenditures, and other forms of regulation. Finally, the legislature expressly stated that the article establishing the DCA "shall be liberally construed to achieve its purpose." OCGA § 50-8-3 (a).

Planning also does not ordinarily impose any immediate restrictions upon land use, but rather "contemplates the evolvement of an over-all program or design of the present and future physical development of a total area and services. . . ." 101A CJS, Zoning and Land Planning, § 2 (b) (1979). In fact, the Lamar County plan states that it merely "serve[s] as a guide for the future development of the community" but that it does not have "the force of law to regulate the use of land." As such, although the potential use of zoning power is included planning, the actual implementation of zoning regulations is a separate act. A related point is that the DCA is expressly limited to creating minimum planning standards for many areas related to planning, "other than zoning." OCGA § 50-8-7.1 (b) (1).

Zoning, however, is one of the means by which the comprehensive plan is carried out, and it is subject to constitutional demands of due process and equal protection and the constitutional prohibition against taking private property without just compensation. See generally *Bailey Investment Co. v. Augusta-Richmond County Bd. of Zoning Appeals*, 256 Ga. 186, 187 (345 SE2d 596) (1986); *Gradous v. Bd. of Commrs. of Richmond County*, 256 Ga. 469 (349 SE2d 707) (1986); *Barrett v. Hamby*, 235 Ga. 262, 265 (219 SE2d 399) (1975). Also, "[s]ince statutes or ordinances which restrict an owner's right to freely use his property for any lawful purpose are in derogation of the common law, they must be strictly construed and never extended beyond their plain and explicit terms. [Cit.]" *Duncan v. Entrekin*, 211 Ga. 311, 312 (85 SE2d 771) (1955).

Given these important distinctions between planning and zoning, we cannot agree that Section 302 of the Lamar County Zoning Ordinance somehow converts the Lamar County planning process into something akin to zoning such that the stricter procedures applicable to zoning apply. See also *Jackson v. Goodman*, 247 Ga. 683, 685 (279 SE2d 438) (1981) (a comprehensive development plan is not a zoning ordinance).

Accordingly, the trial court erred by concluding that Lamar

County's denial of Florida Rock's applications was invalid. Our holding renders moot the remaining enumerations of error.

*Judgment reversed. Ruffin, P. J., and Barnes, J., concur.*

DECIDED DECEMBER 23, 2002 —
RECONSIDERATION DENIED JANUARY 15, 2003 —

*Lindsey & Jacobs, Tamara Jacobs, Smith, Galloway, Lyndall & Fuchs, Newton M. Galloway, Dean R. Fuchs,* for appellants.

*Schreeder, Wheeler & Flint, David H. Flint, Mark W. Forsling, Scott D. McAlpine,* for appellee.