S03A1740. LAMAR COUNTY et al. v. E.T. CARLYLE COMPANY.
(594 SE2d 335)

BENHAM, Justice.

E.T. Carlyle Company ("Carlyle") sought to locate a construction and demolition ("C&D") landfill in Lamar County on land zoned Agricultural-Residential. When Lamar County denied Carlyle's request for rezoning, Carlyle filed an action for declaratory judgment and mandamus. In an order ruling on four of the fourteen counts in Carlyle's complaint, the trial court found that Lamar County did not have a landfill designated as a C&D landfill, that the county's Solid Waste Management Plan ("SWMP") prohibited the disposal of C&D waste in the county's current landfill, and that the SWMP was, therefore, in violation of OCGA § 12-8-31.1. Concluding that the SWMP was invalid because it did not allow for the disposal of C&D waste, the trial court ruled that the county could not legislate on the subject. The trial court then reasoned that since there was no valid ordinance addressing C&D landfills, this Court's decision in *Tilley Properties v. Bartow County*, 261 Ga. 153 (401 SE2d 527) (1991), required the issuance of the writ of mandamus to Carlyle. In a subsequent order denying Lamar County's motion for reconsideration, the

trial court declared the remaining issues raised in the complaint moot in light of the award of mandamus and entered a final judgment in the case. This Court granted Lamar County's application for discretionary review and requested the parties to address whether the trial court was correct in determining that Lamar County's SWMP violates the requirements of OCGA § 12-8-20 et seq., and whether the trial court's order is contrary to the decision in *Kingsley v. Florida Rock Indus.*, 259 Ga. App. 207 (576 SE2d 569) (2002).

1. "This Court has a duty to raise the question of its jurisdiction in all cases in which there may be any doubt regarding the existence of such jurisdiction. [Cit.]" *Canoeside Properties v. Livsey*, 277 Ga. 425, 426 (1) (589 SE2d 116) (2003). Because the question of our jurisdiction has been raised in the dissent in this case, we must consider it.

A direct appeal and a cross appeal were also instituted in this case, but were dismissed because this is a zoning case which must come to this Court by means of the discretionary appeal process. See *Roberts v. Pearce*, 232 Ga. App. 417 (501 SE2d 555) (1998). In the same order which dismissed the direct appeals, this Court unanimously denied a motion to transfer the appeals to the Court of Appeals, noting that "these appeals fall within this Court's mandamus jurisdiction." Nevertheless, the dissent now asserts that this appeal should be transferred to the Court of Appeals because "the trial court's grant of mandamus relief was merely ancillary to its determination of the legal issues . . .; in this circumstance, mandamus is not an extraordinary remedy within the meaning of our Constitution." That statement appears to be based on a confusion of extraordinary remedies with equity cases.

Both types of jurisdiction involved here are bestowed on this Court by the same paragraph of our Constitution: "Unless otherwise provided by law, the Supreme Court shall have appellate jurisdiction of the following classes of cases: . . . (2) All equity cases; . . . (5) All cases involving extraordinary remedies. . . ." Ga. Const. 1983, Art. VI, Sec. VI, Par. III. For purposes of this Court's subject matter jurisdiction, " 'equity cases' are those in which a substantive issue on appeal involves the legality or propriety of equitable relief sought in the superior court. . . ." *Beauchamp v. Knight*, 261 Ga. 608 (409 SE2d 208) (1991). Where equitable relief must routinely follow upon the determination of legal issues, there is no question of "the legality or propriety of equitable relief" and the case is not one in equity. Thus, it is apparent from the holding in *Beauchamp* that our jurisdiction in equity cases is based not on the relief sought or awarded, but on the nature of the process leading to the grant or denial of relief. By contrast, the very language of the constitutional grant of our jurisdiction over cases "involving extraordinary remedies" shows that the

question of jurisdiction is controlled not by the process of adjudication, as it is in equity cases, but by the nature of the relief awarded. The dissent's failure to observe that distinction led to its erroneous conclusion that this appeal from the grant of an extraordinary remedy should be transferred.

The dissent's attempt to bolster its faulty reasoning with the "oft-stated tenet that it is the underlying subject matter that controls questions of appellate jurisdiction . . ." and its citation to *Howard v. Lane*, 276 Ga. 688 (581 SE2d 1) (2003), reflects further confusion, this time between constitutionally-established subject matter jurisdiction and statutory provisions regarding appealability in certain cases. No question was raised in *Howard* regarding this Court's jurisdiction over cases involving writs of prohibition. Instead, the case turned on whether the State has a right to appeal in criminal cases. Likewise, no question was raised in *Ferguson v. Composite State Bd. of Medical Examiners*, 275 Ga. 255 (564 SE2d 715) (2002), or in *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994), regarding this Court's jurisdiction over mandamus cases; the appeals were dismissed because no applications for discretionary appeal had been filed.

Finally, the cases cited by the dissent cannot be relied upon for the propositions for which they were cited. The use of the word "discretionary" in the context of mandamus in *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786 (3) (582 SE2d 109) (2003), was unnecessary to the decision in the case and was, unfortunately, a mistaken usage. That the remedy is not "discretionary" may be seen from the standard formulation of the circumstances under which the writ of mandamus may issue: "Mandamus will issue against a public officer under two circumstances: (1) where there is a clear legal right to the relief sought, [cit.], and (2) where there has been a gross abuse of discretion. [Cit.]" *City of Atlanta v. Wansley Moving &c. Co.* 245 Ga. 794, 796 (2) (267 SE2d 234) (1980). See also *Henderson v. McVay*, 269 Ga. 7 (1) (494 SE2d 653) (1998).

Likewise, the citation to two opinions of the Court of Appeals to establish that "this Court has historically transferred mandamus cases to the Court of Appeals" cannot be relied upon. Those cases, *Bd. of Trustees &c. v. Mabry*, 221 Ga. App. 762, 763, fn. 3 (472 SE2d 542) (1996), and *King v. Bd. of Ed. &c.*, 214 Ga. App. 325, 326, fn. 1 (447 SE2d 657) (1994), were transferred by error during a period of development of the law of this Court's equity jurisdiction, and relied on this Court's decision in *Beauchamp v. Knight*, supra. As the Court of Appeals correctly noted in a footnote in *King*, supra, "*Beauchamp* appears to rely, at least in part, on the traditional distinction between law and equity. However, that rationale is inapplicable to mandamus cases, since 'the writ of mandamus is a common law writ,

with which equity has nothing to do.' [Cit.]" Thus, contrary to the dissent's assertion, the principle that when the relief sought is simply ancillary to the determination of the underlying legal issue, the case is not within this Court's equity jurisdiction, does not apply equally to this Court's jurisdiction over cases involving extraordinary remedies. Jurisdiction over this case belongs where the Constitution placed it, in this Court.

2. An essential factual underpinning of the trial court's ruling that the SWMP violates the requirements of OCGA § 12-8-20 et seq. and is, therefore, invalid was the finding that Lamar County does not permit the placement of C&D waste in its existing landfill. That finding was based on the trial court's reading of a provision of the SWMP prohibiting the placement of construction debris in the existing landfill "except in areas and under conditions specifically designated by the authority for those purposes." However, unrefuted evidence presented in support of Lamar County's motion for reconsideration established that the existing landfill does accept C&D waste. Thus, the trial court's finding that Lamar County does not permit the placement of C&D waste in its existing landfill is not supported by the evidence of record. "If the trial court makes a finding of fact which is unsupported by the record, it cannot be upheld; and if the judgment is based upon a fact for which there is no evidence, it should be reversed." *Pettus v. Smith*, 174 Ga. App. 587, 589 (5) (330 SE2d 735) (1985). Since the finding on which the trial court based its conclusion that the SWMP was inadequate is without evidentiary support, the conclusion must fall and, with it, the trial court's judgment.

3. Pertinent to the trial court's holding that Lamar County could not enact a zoning ordinance with regard to a matter on which the SWMP was silent, the county contends the trial court's decision is contrary to the holding of the Court of Appeals in *Kingsley*, supra. The Court of Appeals discussed in that case the differences between zoning and planning and concluded they were so distinct in purpose and effect that the procedural requirements for zoning decisions were not applicable to the planning process. The present case does not involve the procedures employed in zoning decisions or in establishing a comprehensive plan, but the distinctions drawn in *Kingsley* have applicability to the present case.

As the Court of Appeals noted in *Kingsley*, the Lamar County plan merely serves as a guide for the future development of the community, but does not have the force of law to regulate the use of land. Id. at 211. The plan discussed there was a comprehensive development plan for the county, but the principles stated there apply with equal force to the comprehensive SWMP here. The Court of Appeals went on in *Kingsley* to point out that zoning, as a method of carrying

out comprehensive planning, is "subject to constitutional demands of due process and equal protection and the constitutional prohibition against taking private property without just compensation. [Cits.]" Id. Earlier, in *Jackson v. Goodman*, 247 Ga. 683, 685 (279 SE2d 438) (1981), this Court had made clear that the planning and zoning processes are distinct: "The comprehensive development plan is not a zoning ordinance. . . ."

In the present case, the trial court cited no authority for its holding that a county may not enact zoning on a matter not specifically addressed in comprehensive planning, and we are aware of none. Given that the SWMP was just a plan, without the force of law, it cannot bind the county in the performance of legislative duties which are guided, as *Kingsley* noted, by constitutional considerations. We conclude, therefore, that the trial court erred in declaring zoning ordinances and decisions invalid because they concern a matter not specifically addressed in the SWMP.

Carlyle argues extensively on appeal for application of the "right for any reason" rule, asserting in its brief that the trial court could have granted it the relief it sought on several other grounds. The trial court did not, however, consider those other grounds, specifically finding them moot in its final judgment. Because those other grounds involve mixed questions of fact and law regarding the legality and constitutionality of the denial of Carlyle's request to rezone, they are not suitable for a right-for-any-reason analysis. Accordingly, we merely reverse the judgment of the trial court.

*Judgment reversed. All the Justices concur, except Hines, J., who dissents. Sears, P. J., is disqualified.*

HINES, Justice, dissenting.

I respectfully dissent from the majority opinion in this case, as I do not believe this appeal is properly before this Court. Nor can I agree with the new provisions of law on appellate jurisdiction which the majority announces today.

This case involves the grant of a declaratory judgment and mandamus relief after developer E. T. Carlyle Company challenged the validity of Lamar County's comprehensive solid waste management plan, based upon a variety of State statutes. The trial court found that Lamar County had no valid comprehensive solid waste management plan as required by OCGA § 12-8-31.1, therefore the County's attempted regulation of solid waste landfills was invalid, and mandamus relief was mandated. Lamar County originally filed an application for discretionary appeal from this order in the Court of Appeals, which transferred the case to this Court because a writ of mandamus was granted. However, this Court does not have jurisdiction over this appeal, and it must be returned to the Court of Appeals.

Under our Constitution, this Court has jurisdiction over "cases involving extraordinary remedies." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5). Generally, mandamus is an extraordinary remedy. It is also a discretionary remedy. See *Schrenko v. DeKalb County School Dist.*, 276 Ga. 786, 794 (3) (582 SE2d 109) (2003). However, in this case, the trial court exercised no discretion in granting mandamus relief, nor did it grant any other extraordinary remedy. Rather, mandamus relief simply flowed from the trial court's determination, pursuant to Carlyle's request for a declaratory judgment, that Lamar County had no valid comprehensive solid waste management plan as required by OCGA § 12-8-31.1, and that its attempted regulation of solid waste landfills was therefore legally ineffective. Quoting *Tilley Properties v. Bartow County*, 261 Ga. 153, 155 (2) (401 SE2d 527) (1991), the trial court further determined that, in such a circumstance, "there is no valid restriction on the property, and the [applicant] has the right under the law to use the property as it so desires. . . . Because there is no other specific legal remedy for the legal right . . . a writ of mandamus will lie to compel the officer to issue a certificate of land use. . . ." Thus, the trial court's grant of mandamus relief was merely ancillary to its determination of the legal issues upon which the declaratory judgment action was based; in this circumstance, mandamus is not an extraordinary remedy within the meaning of our Constitution.[1]

Such treatment is not new. Although orders transferring cases between the appellate courts of this State are not usually published, it is clear that this Court has historically transferred mandamus cases to the Court of Appeals when "the mandamus relief sought is ancillary to the underlying issues of law raised on appeal." *Board of Trustees of Fulton County &c. v. Mabry*, 221 Ga. App. 762, 763, n. 3 (472 SE2d 542) (1996) (mandamus relief awarded by the trial court). See also *King v. Board of Ed. &c.*, 214 Ga. App. 325 (447 SE2d 657) (1994) (writ denied in the trial court).

Additionally, the principle that an ancillary remedy does not bring a case within this Court's jurisdiction is in keeping with the oft-stated tenet that it is the underlying subject matter that controls questions of appellate jurisdiction. See *Howard v. Lane*, 276 Ga. 688, 689 (581 SE2d 1) (2003) (involving a petition for a writ of prohibition, which is also "an extraordinary remedy." See *Weaver v. State*, 275 Ga. 136 (562 SE2d 183) (2002)). See also *Ferguson v. Composite State Bd. of Med. Examiners*, 275 Ga. 255, 257 (1) (564 SE2d 715) (2002); *Rebich v. Miles*, 264 Ga. 467 (448 SE2d 192) (1994). This principle is

---

[1] The correctness of the trial court's ruling on the declaratory judgment issues is a matter to be addressed by the Court of Appeals.

most often seen in cases examined under this Court's jurisdiction over "equity cases." See Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (2). When the relief sought is simply ancillary to the determination of the underlying legal issues, the case is not within this Court's equity jurisdiction. *Redfearn v. Huntcliff Homes Assn.*, 271 Ga. 745 (524 SE2d 464) (1999). The reasoning this Court has applied in examining its equity jurisdiction is equally applicable to this Court's exercise of jurisdiction over "cases involving extraordinary remedies." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5). This Court's jurisdiction over both "equity cases" and "cases involving extraordinary remedies" is found in the same paragraph of the Constitution, and the same analysis should apply to each class of case.[2]

Further, applying this reasoning to mandamus cases, and other cases involving "extraordinary remedies," is obviously the correct course given the specific language of this paragraph of the Georgia Constitution. Under Article VI, Section VI, Paragraph III of the Constitution, there are three classes of cases for which this Court is determined to have appellate jurisdiction of "cases involving . . ." a particular class. One of these classes is "cases involving extraordinary remedies." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (5). The other two classes are "cases involving title to land" and "cases involving wills." Ga. Const. of 1983, Art. VI, Sec. VI, Par. III (1) and (3). In both title to land and wills cases, this Court applies the "underlying subject matter" analysis and transfers cases to the Court of Appeals when the issues involving title to land or wills are merely ancillary to the underlying issues to be decided on appeal. See, e.g., *In re Estate of Gwendolyn H. Lott*, 251 Ga. 461 (306 SE2d 920) (1983) ("cases involving wills"); *Mobley v. Sewell*, 226 Ga. App. 866, n. 1 (487 SE2d 398) (1997) ("cases involving title to land"). There is no apparent reason, and the majority advances none, why the constitutional provision concerning "cases involving extraordinary remedies" should be treated any differently. The consistency of this Court's decisions is not advanced when such a distinction is created without basis.

The majority makes much of the fact that this Court unanimously denied a motion to transfer this case. However, this Court erred in doing so.[3] While the majority seems to accord this erroneous decision a high level of regard, it has no hesitation in disregarding

---

[2] In fact, in *Van Valkenburg v. Stone*, 172 Ga. 642, 647-648 (158 SE 419) (1931), this Court engaged in a discussion on the similarities between mandamus relief and injunctive relief, and noted that the role of the trial court in each type of case was " 'intended to [be] . . . upon the same footing as to the question of discretion.' " Id. at 648.

[3] The fact that this Court granted the application for discretionary review does not alter the proper determination that jurisdiction is properly in the Court of Appeals. See *Cassells v. Bradlee Mgmt. Svcs.*, 161 Ga. App. 325 (291 SE2d 48) (1982); *Fowler v. Aetna Cas. &c. Co.*, 159 Ga. App. 190 (283 SE2d 69) (1981).

this Court's prior determinations in *Board of Trustees of Fulton County &c. v. Mabry*, supra, and *King v. Board of Ed. &c.*, supra, only now, years later, declaring that this Court then erred.[4] Similarly, the majority, only now, and with no substantive discussion, discards case law which has been followed from the earliest days of this Court concerning the discretionary nature of mandamus relief. See, e.g., *Schrenko*, supra; *Harrison v. State Highway Dept.*, 183 Ga. 290 (2) (a) (188 SE 445) (1938); *Van Valkenburg*, supra; *Smith v. Hodgson*, 129 Ga. 494 (59 SE 272) (1907); *Savannah &c. Canal Co. v. Shuman*, 91 Ga. 400, 402 (17 SE 937) (1893); *Moody v. Fleming*, 4 Ga. 115 (1848). Such long-standing precedent should not be discarded simply because doing so protects the recent, but erroneous, decision of this Court on the earlier motion to transfer this case.

Further, the majority's declarations weaken this Court's efforts to protect the constitutional framework of appellate jurisdiction and to ensure that litigants do not use pleading maneuvers for appellate forum shopping. "Our precedent has repeatedly emphasized that . . . litigants cannot under any circumstances dictate the procedural or jurisdictional rules of this Court." *Ferguson*, supra at 257. This Court does not "permit litigants to control the appellate procedure, contrary to legislative intent. . . ." *O. S. Advertising Co. v. Rubin*, 267 Ga. 723, 725 (2) (482 SE2d 295) (1997). Yet, this is what the majority opinion does. If, today, the majority of this Court was willing to continue to stand on the tenet that the underlying subject matter controls questions of appellate jurisdiction, the ability of litigants to decide which appellate court they wish to reach, and to draft their pleadings to achieve that end regardless of the underlying issues, would still be restrained.

When this Court makes a mistake, it has the responsibility to admit it. We erred when denying the motion to transfer in this case. Here, the underlying issue concerned a declaratory judgment that Lamar County had no valid comprehensive solid waste management plan. The decision on this issue is not within this Court's jurisdiction and appellate jurisdiction properly lies in the Court of Appeals. Accordingly, this Court should not rule upon the merits of this case, as the majority does.

---

[4] The majority fails to mention that all current Justices of this Court concurred in the transfer of *King v. Board of Ed. &c.*, supra, except for Justices Thompson and Hines, who were not then on the Court, and that all current Justices of this Court concurred in the transfer of *Board of Trustees of Fulton County &c. v. Mabry*, supra, except Justice Carley, who dissented.

DECIDED MARCH 22, 2004.

*Smith, Galloway, Lyndall & Fuchs, Newton M. Galloway, Dean R. Fuchs, Lindsey & Jacobs, Tamara Jacobs,* for appellants.

*George E. Butler II, Vaughn, Wright & Stearns, James A. Vaughn,* for appellee.