A96A1799. GOODMAN et al. v. HAMMONDS.
(480 SE2d 397)

MCMURRAY, Presiding Judge.

William F. Murphy filed an action as executor and trustee of the estate of B. F. Murphy ("the decedent") to determine heirship, alleging the decedent bequeathed an eighth of his estate to the deceased children of Pennie Harris, Willie Mae Shurling and Katie Ree Copeland. William F. Murphy also alleged in this petition that Willie Mae Shurling is survived by her only child's four children, Linda S. Goodman, Mary S. Jackson, Sue S. Tompkins and Tommy Shurling ("the Shurling heirs"); that Katie Ree Copeland died without children and that Betty Hammonds claims Copeland's share of the decedent's estate by virtue of the doctrine of virtual adoption. William F. Murphy declared that he was depositing an eighth of the decedent's estate into the trial court's registry and requested the trial court to "determine those who are entitled to participate in the distribution of said property under the terms of the will of B. F. Murphy. . . ."

The Shurling heirs admitted all allegations of the heirship petition, except Hammonds' alleged claim to Copeland's share of the decedent's estate. The Shurling heirs demanded strict proof of Hammonds' virtual adoption claim and requested half of the sum William F. Murphy deposited into the trial court's registry based on their rights as Willie Mae Shurling's legal heirs. Hammonds admitted all allegations of the heirship petition and consented to paying the Shurling heirs half the sum William F. Murphy deposited into the trial court's registry. But she claimed the remaining sum on deposit in the trial court's registry based on her alleged right as Copeland's heir by virtue of the doctrine of virtual adoption.

The trial court granted Hammonds' motion for summary judgment, finding that "Hammonds has satisfactorily shown the existence of an agreement to adopt and sufficient part performance of that agreement to establish a virtual adoption [and that the Shurling heirs have] failed to set forth specific facts showing any genuine issue of material fact." This appeal followed. *Held*:

1. The Shurling heirs have filed a motion to transfer this appeal

to the Georgia Supreme Court, arguing that "the case [sub judice] is one 'involving wills' such that jurisdiction for appeal purposes is properly in the Supreme Court."

The Constitution of the State of Georgia of 1983, Article VI, Section VI, Paragraph III (3), confers upon the Georgia Supreme Court jurisdiction in "[a]ll cases involving wills." The Georgia Supreme Court has held "that the language 'all cases involving wills' means those cases in which the will's validity or meaning is in question." *In re Estate of Gwendolyn H. Lott*, 251 Ga. 461 (306 SE2d 920). The Shurling heirs argue that the case sub judice belongs in the Supreme Court because, "[n]otwithstanding the caption of the petition [filed by William F. Murphy on behalf of the decedent's estate to determine heirs at law] and the trial judge's focus upon virtual adoption, the issue in the case before the trial court was really a question of who was entitled to receive certain assets under the will of B. F. Murphy, deceased." This argument is without merit.

The parties did not raise nor did the trial court consider or resolve any issue relating to the validity or meaning of the decedent's Last Will and Testament. The only issue the trial court resolved was Hammonds' claim to Copeland's share of the decedent's estate. Accordingly, jurisdiction of this appeal lies in the Court of Appeals of Georgia. See *O'Regan v. Brennan*, 204 Ga. App. 50 (418 SE2d 389).

The Shurling heirs' motion to transfer this appeal to the Supreme Court is hereby denied.

2. The Shurling heirs contend the trial court erred in granting Hammonds' motion for summary judgment "without considering the will and the intention of the testator[, the decedent]." We do not agree.

The Shurling heirs do not contest the validity or meaning of the decedent's Last Will and Testament. And there is no indication that the decedent's Last Will and Testament is relevant to Hammonds' claim that she is Copeland's heir by virtue of the doctrine of virtual adoption. Consequently, the trial court did not err in granting Hammonds' motion for summary judgment "without considering the will and the intention of the testator[, the decedent]."

3. The Shurling heirs argue that the trial court erred "in granting summary judgment without determining whether [the decedent's] bequest was to individuals or to a class and whether distribution is to be per capita or per stirpes." This argument is without merit. OCGA § 9-11-56 authorizes summary judgment as to less than all the issues in a case.

*Judgment affirmed. Ruffin, J., concurs. Johnson, J., concurs in the judgment only.*

*Larsen & Larsen, W. W. Larsen, Jr.*, for appellants.
*Avant & Evans, Clarke C. Avant, Alan W. Connell, John A. Dana*, for appellee.